ROBERT MASTERSON V. ROBERT COHEN AND JOHN BRASHEAR.

1. TRESPASS TO TRY TITLE—PURCHASER—VENDOR AND VENDEE.—
A purchaser of land at a trust sale, made under a deed of trust,
which was executed by one, the recorded deed to whom retained in
terms a lien for the purchase-money notes, which were never paid,
does not acquire such a right as will enable him to maintain trespass
to try title against one, who is in possession for a valuable considera-
tion, under the administrator of the original vendor.

2. APPROVED.—Dunlap *v.* Wright, 11 Tex., 603, approved.

3. VENDOR AND VENDEE—LAND.—When a deed is made reserving in
terms a lien for the purchase-money, to be paid as specified, in notes
given for the land, the vendor has the superior right to the land and
to its possession, on default made by the vendee in payment of the
notes.

4. LAND—PURCHASER—VENDOR AND VENDEE—SUBROGATION.—B
sold land to C, reserving, in the deed made by him, a lien for the
purchase-money, to be paid, as specified, in notes given therefor.
The notes were never paid; B died, and C conveyed the land to
K, who was B's administrator, receiving in payment his own notes,
given to B, and making a deed to K : *Held,*

   1. The conveyance from C to K, and the delivery to C of the
   notes for the purchase-money, conferred upon C no greater estate
   than he originally acquired by his deed, nor did it diminish the
   right of the estate, or of any one legally holding under it.

   2. Though the notes were delivered up and canceled, the con-
   sideration of the deed to C, the payment of which could alone pass
   the legal title by virtue of said deed, was not, in fact, paid to the
   estate.

   3. A sale under a deed of trust, executed by C, before his sur-
   render of the notes, was not affected by said surrender, and the
   deed made by C to the administrator; but the purchaser at the
   trust sale, upon paying the original purchase-money due from C,
   would be entitled to recover the land.

5. Although the vendor's lien may be absolute, yet if a mortgage for the
purchase-money be given back at the same time, the fee will sub-
stantially remain in the vendor.

APPEAL from Fort Bend.    Tried below before the Hon. L.
Lindsay.    The opinion recites the facts.

*John T. Harcourt,* for appellant.—It is believed that the
principles involved in this case are settled by the well-con-

sidered opinion of Chief Justice Wheeler, in the case of
Buchanan *v.* Monroe, 22 Tex., 537. According to that opin-
ion, when applied to the facts of this case, we contend that
the conveyance by the mortgagors, A. J. Hay and wife, trans-
ferred the equity of redemption to R. A. Smith. It passed
the entire estate and interest in the property, subject to the
lien, and became the estate of R. A. Smith, and so remained,
up to the day of sale by the trustee, on the 2d day of June,
1868. In case a suit had been instituted by J. W. Brashear,
in his lifetime, or by his administrator, John Brashear, to
foreclose the vendor's lien, R. A. Smith would have been a
necessary party, in order to bar his equity of redemption. (4
Kent's Com., 185; Story's Eq. Pl., secs. 193, 195, 197; Hall
*v.* Hall, 11 Tex., 526.) But A. J. Hay and wife would not have
been necessary parties, because they had parted with their
entire estate and had no interest to be affected by the decree.
Their equity of redemption was transferred and passed by
the conveyance to R. A. Smith, who was thereby subrogated
to their estate, and all their rights in relation thereto. His
estate and rights after the conveyance was, in all respects, the
same as those of Hay and wife before.

A decree of foreclosure, to which R. H. Smith was not a
party, would not have barred his equity of redemption. He
would not have been bound by the decree, much less would
he be bound by any " voluntary foreclosure," or private ar-
rangement between Hay and wife and John Brashear; and
the title of a purchaser, at a sale under such decree, would
have been inoperative to divest Smith's right, and ineffectual
in an action to recover of him the possession. But the sale,
made by the trustee in pursuance of the power in the mort-
gage, had the effect of a decree, to which he was a party, to
foreclose and bar his equity of redemption, and vest the para-
mount title in the purchaser at the sale, viz, Robert Master-
son, subject only to the payment of Hay's note to J. W.
Brashear. (Ligon *v.* Alexander, 7 J. J. Marsh, 288.)

*J. W. Henderson & Gustave Cook*, for appellee.

ROBERTS, CHIEF JUSTICE.—This is an action of trespass to try title to certain lots in the city of Houston, brought by appellant, Masterson, against appellees, Cohen and Brashear, on the 1st of October, 1868, in the county of Harris, the venue in which was changed to Fort Bend county, where the judgment was rendered against the plaintiff, Masterson, that he take nothing by his suit, and pay the costs thereof.

Both parties set up title to the lots from a common source, to wit, from J. W. Brashear.

The chain of Cohen's title is as follows, to wit:

1. A deed from J. W. Brashear to A. J. Hay, on the 15th of December, 1858, acknowledged for record the same day, and recorded 27th June, 1860, which stipulated for "retaining a lien on said property for the payment of two notes given by said Hay, one for $362.50, payable in six months, and the other for $362.50, payable in twelve months, with interest at ten per cent. from date."

2. A deed from A. J. Hay to John Brashear, on the 22d of April, 1861, recorded, after acknowledgment, on the 7th of May, 1861, which recited a consideration of $900, but it was proved on the trial that the consideration was the delivery to Hay of the two notes given by him for the lots by John Brashear, who, upon the death of his father, J. W. Brashear, in 1859, had become the administrator of his estate.

3. A deed from John Brashear to Robert Cohen, on the 9th day of May, 1861, recorded, after acknowledgment, on the 9th of May, 1861, which recited a consideration of $850, and which was proved on the trial to have been fully paid by Cohen.

It was also proved that the lots remained vacant and unimproved until after they were purchased by Cohen, who then took possession and erected a dwelling-house and other improvements upon them, worth, at the trial, $6,000 or $8,000,

and that the naked lots were then worth $2,000 or $2,500. It was also proved that Hay had never paid any of the purchase-money contracted to be given by him for the lots.

The chain of title of Masterson was as follows, to wit:

1. A deed of trust executed by A. J. Hay to W. P. Hamblin, on the 26th day of June, 1860, while he had the interest conveyed to him in the deed from J. W. Brashear, filed for record, after acknowledgment, on the 29th day of June, 1860, to secure the payment to R. A. Smith of two notes, due from Hay in twelve and eighteen months, amounting to $2,500.

2. A deed from Hamblin, trustee, to Robert Masterson, upon a sale of the lots under the deed of trust, on the 2d day of June, 1868, for the consideration therein recited of $600, which, though acknowledged for record on the 24th day of June, 1868, is not shown to have been recorded. It was proved that Hamblin, the trustee, before any improvements had been made on the lots, notified Cohen of the existence of the trust deed which he held in favor of Smith.

The question arising upon the state of facts here presented is, did Masterson acquire such a right to the lots by his purchase under the trust deed as would enable him to dispossess Cohen in this action of trespass to try title? We think he did not.

The determination of this case depends upon the express lien reserved in the deed from J. W. Brashear to A. J. Hay, by which said Brashear retained the superior right to the land.

In the case of Dunlap v. Wright, 11 Tex., 603, it was held, that "although the vendor's deed may be absolute, yet if a mortgage for the purchase-money be given back at the same time, the fee will substantially remain in the vendor." This rule has been repeatedly announced and acted on since that decision was made. (Ballard v. Anderson, 18 Tex., 377; Baker v. Clepper, 26 Tex., 634.) The same rule has been applied to the case of a deed reserving an express lien for the payment of the purchase-money, where the land was sold

on a credit, and notes taken for its payment, in which it was held, that the vendor had the superior right to the land, and to the possession upon the default of the vendee in the payment of the notes given for the purchase-money. (Baker *v.* Ramey, 27 Tex., 52.) The deed from Hay to John Brashear, who was administrator of the estate of J. W. Brashear, and the delivery of the notes given for the purchase-money, being simultaneous acts, did not confer upon Hay any greater estate in the land than he had originally acquired by the deed to him, nor did it diminish the right of the estate of J. W. Brashear, nor the right of one legally holding under said estate. Cohen, at least, held possesion of the land by permission, and under the authority of the administrator for a valuable consideration, under such a right and title as could, perhaps, only be be called in question by the heirs or creditors of said estate, if it could be at all. Although the notes were given up and canceled, the consideration of the deed, the payment of which could alone pass the legal title to Hay, by virtue of said deed, was, in fact, not paid to the estate. On the other hand, Hay having executed the deed of trust to Hamblin, while he had a conditional estate in the land, whatever right was conveyed to Hamblin by the deed of trust for the benefit and security of Smith, was not defeated by the delivery of the notes to Hay upon his making a deed to the administrator, John Brashear. Had Hamblin, when the Smith debt became due, sold the lots under the deed of trust, the purchaser at said sale, upon paying the purchase-money, or tendering it, might have acquired the right to recover the lots. The effect of the long delay, and of the improvements made by Cohen upon the lots, may present equitable grounds for modifying any such recovery, which it is not necessary now to consider. The tender pleaded, or attempted to be pleaded, in the amended petition, was not a tender made in such way as to change the nature of the action of trespass to try title, as presented in the original petition. What we

decide is, that plaintiff has shown no such right as entitles him to recover in such action.

The charge of the court, though not in terms, was, in effect, in accordance with the view of the law here presented, as applicable to the facts of the case. The rulings of the court, upon the exceptions to the pleas of defendants, have become immaterial, inasmuch as the plaintiff has failed to present such facts as entitle him to recover in the action brought by him.

There being no error of which plaintiff has any right to complain, the judgment is affirmed.

AFFIRMED.