GAMBLE v. MARTIN et al.

(Court of Civil Appeals of Texas. El Paso. Oct. 24, 1912. Rehearing Denied Nov. 27, 1912.)

1. VENDOR AND PURCHASER (§ 289*) — VENDOR'S LIEN—FORECLOSURE—RIGHTS OF PERSONS NOT PARTIES.

Where a subsequent purchaser or incumbrancer is not made a party to a suit to foreclose a vendor's lien, his right to redeem is not prejudiced by the judgment.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

2. VENDOR AND PURCHASER (§ 279*)—FORECLOSURE OF VENDOR'S LIEN—PARTIES—INSTRUMENTS NOT RECORDED.

Under the statute providing for registration of all instruments affecting title to real estate, a junior mortgagee who is not in possession, and whose mortgage is not of record at the time of the institution of the suit and entry of judgment of foreclosure of a vendor's lien, and of whose rights the prior lienholder is not otherwise advised, is not a necessary party, and such foreclosure of the first lien bars his rights.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 778–782; Dec. Dig. § 279.*]

3. VENDOR AND PURCHASER (§ 289*) — VENDOR'S LIEN—FORECLOSURE—JUNIOR INCUMBRANCER—BURDEN OF PROOF.

Where the lien of a junior incumbrancer was not of record at the time of foreclosure of a senior vendor's lien, and such junior incumbrancer was not made a party to the suit, the burden was on him to show possession or other facts sufficient to put the holder of the vendor's lien on notice of his rights at the time of the foreclosure proceeding, in order to retain his right to redeem.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

4. VENDOR AND PURCHASER (§ 231*) — BONA FIDE PURCHASERS — DISCONNECTED DEED—EFFECT.

A recorded deed disconnected from the title is not notice.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

5. MORTGAGES (§ 426*)—FORECLOSURE—PARTIES.

The only proper parties to a suit to foreclose a mortgage are the mortgagor, the mortgagee, and those who have acquired rights or interests under them subsequent to the execution and delivery of the mortgage; a stranger claiming adversely to the title of the mortgagor not being a necessary or proper party, as he could not be affected by the foreclosure suit.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1272–1287; Dec. Dig. § 426.*]

**6. ESTOPPEL (§ 29*)—ESTOPPEL BY DEED—ACCEPTANCE OF QUITCLAIM.**

In a suit by a junior lienholder to redeem from foreclosure of a vendor's lien, mere acceptance of a quitclaim deed by the purchaser on· foreclosure of the lien was insufficient to create an estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 69–73; Dec. Dig. § 29.*]

**7. APPEAL AND ERROR (§ 548*)—REVIEW OF EVIDENCE—NECESSITY OF BILL OF EXCEPTIONS.**

An objection to the admission of testimony cannot be reviewed in the absence of a bill of exceptions reserved at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

**8. EVIDENCE (§ 317*)—HEARSAY.**

Evidence of a witness as to certain statements made to him by J. in explanation of J.'s failure to testify on a former trial was inadmissible as hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. § 317.*]

**9. EVIDENCE (§ 271*)—RECORDS—ABANDONED PLEADINGS.**

Abandoned pleadings drawn by one not a party, containing self-serving declarations, were properly excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1068–1079, 1081–1104; Dec. Dig. § 271.*]

**10. TRIAL (§ 237*)—INSTRUCTIONS—BURDEN OF PROOF—"ESTABLISHED."**

An instruction that, if plaintiff had established by a preponderance of the evidence that at a certain conference he had accepted defendant's proposal, then the jury should answer a certain question submitted in a special verdict in the affirmative was not objectionable on the ground that the word "established" imposed a greater burden on plaintiff than he was required to bear; the word being used in its common acceptation and therefore not misleading.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 542, 548–551; Dec. Dig. § 237.*

For other definitions, see Words and Phrases, vol. 3, pp. 2469–2473.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Suit by E. C. Gamble against George B. Martin and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 129 S. W. 386.

Edwin H. Yeiser and James H. Robertson, both of Austin, and S. P. Hardwicke, of Abilene, for appellant. H. G. McConnell, of Haskell, A. H. Kirby, of Abilene, and Montgomery & Britain, of Wichita Falls, for appellees.

HIGGINS, J. This suit was brought in the district court of Taylor county by Gamble against Geo. B. Martin and King county to recover. four leagues of land situated in Lamb county, Tex., patented by the state to King county and being the King county school land. Recovery of said land was sought upon two counts: First, upon an alleged right to specific performance of an agreement to convey to Gamble; and, second, to enforce a right of redemption as a junior mortgagee, which appellant claimed under the mortgage hereinafter referred to, executed by Ashby S. James to L. C. Grant, trustee, for the use and benefit of Gamble. Upon trial before a jury, the cause was submitted upon special issues, and upon such findings, and upon additional findings of fact by the court, judgment was rendered in favor of the appellees. This is the second appeal of this case; former opinion appearing in 129 Southwestern Reporter at page 387. On March 22, 1892, the land in controversy was conveyed by King county to Powell & Bradford in consideration of their note for $22,139, payable on or before 20 years after date, with interest at the rate of 6 per cent. per annum, payment of which was secured by a vendor's lien. This deed was duly recorded on April 13, 1892. By deed dated April 13, 1892, recorded April 26, 1892, Powell & Bradford conveyed to John G. James, in consideration of $2,000, cash and assumption by the vendee of the purchase-money note due King county. By deed dated July 20, 1893, duly recorded August 4, 1893, John G. James conveyed to the First National Bank of Childress, Tex., for a consideration of $1 per acre and other valuable considerations. By deed dated August 1, 1893, recorded October 27, 1894, the First National Bank of Childress conveyed the land to Ashby S. James in consideration of $4,000. By deed dated September 1, 1893, recorded September 20, 1893, Ashby S. James conveyed the land in trust to L. C. Grant for the use. and benefit of Gamble, securing James' note to Gamble in the sum of $3,000, due January 1, 1896, and in addition to the other terms and provisions usually incorporated in instruments of this character it was provided that a substitute trustee might be appointed in case Grant for any reason failed to act. In February, 1907, the land was sold under the deed of trust by a substitute trustee, and by deed dated February 5, 1907, recorded March 4, 1907, it was conveyed by the substitute trustee to appellant. This suit was filed April 29, 1907. On January 5, 1894, King county filed suit against Powell & Bradford, John G. James and First National Bank of Childress to recover judgment on the note executed by Powell & Bradford to King county in payment for said land and for foreclosure of the vendor's lien securing its payment. Neither Ashby S. James nor the appellant Gamble were parties to this suit. The First National Bank of Childress disclaimed any interest in the land and on October 23, 1894, judgment was entered in favor of King county for the sum of $25,615.17, with foreclosure of vendor's lien, under which judgment the land was sold and conveyed on March 5, 1895, to King county, for the sum of $9,000. By ordinary quitclaim deed dated January 9, 1898, recorded May 4, 1898, Ashby S. James, in consideration of the sum of $10, released and quitclaimed unto King county and its assigns all of his right, title,

---

and interest in and to the land. On February 16, 1899, the commissioners' court of King county entered an order accepting the proposition of appellee to purchase the land for $1 per acre, to be paid on or before 20 years from date, with interest at the rate of 3 per cent. per annum, payable in advance, and ordering the county judge upon the execution by Geo. D. Martin of his note covering the purchase money, to execute to him a bond for title, the note to be secured by lien upon the land. On October 2, 1900, King county, by J. M. Martin, its county judge executed a deed to the appellee covering the land in controversy, reciting authority of the commissioners' court, but referring to no order. A deed having been given for the land instead of the bond for title, as directed by the order of February 16, 1899, the commissioners' court of King county therefore, on August 13, 1906, entered an order ratifying the above-mentioned deed of October 2, 1900, executed by its county judge to Geo. D. Martin, and directed the county judge of the county to execute to appellee a deed ratifying the said deed of October 2, 1900, and in pursuance to this last-mentioned order R. E. Lassiter, county judge of King county, on August 13, 1906, executed a deed to Geo. D. Martin conveying the land in controversy.

It is unnecessary to detail the evidence upon which the appellant claims a right to specific performance of an agreement to convey the land to him as it was a controverted issue whether or not such an agreement was ever made, and this issue, having been submitted to the jury, was determined adversely to the appellant.

Coming now to a consideration of appellant's asserted right of redemption, it will be noted that neither he nor Ashby S. James, under whom he claimed, were parties to the foreclosure suit instituted on January 5, 1894, by King county against Powell & Bradford, John G. James, and the First National Bank of Childress. It will also be noted that, while the deed of trust to L. C. Grant, trustee, was of record when the foreclosure suit was instituted, yet the deed from the First National Bank of Childress to Ashby S. James was not of record and was not recorded until October 27, 1894, subsequent to the entry of the judgment of foreclosure. It is contended by appellant that, inasmuch as he had a valid lien upon the premises, his right to redeem the land was not affected by the foreclosure of the senior lien in favor of King county because he was not a party to the suit.

[1] The general rule is well settled that, in case of a foreclosure of a vendor's lien, a subsequent purchaser or incumbrancer, who is not made a party thereto, is not affected by the judgment rendered, and it does not prejudice the rights of such parties to redeem the land. In other words, in order to bar the equity of redemption, they must be parties to the suit and to the judgment.

Ufford v. Wells, 52 Tex. 612; Foster v. Power, 64 Tex. 247; Railway Co. v. Whitaker, 68 Tex. 634, 5 S. W. 448; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; McDonald v. Miller, 90 Tex. 309, 39 S. W. 89; Spencer v. Jones, 92 Tex. 520, 50 S. W. 118, 71 Am. St. Rep. 870; Rogers v. Houston, 60 S. W. 445; Milmo Nat. Bank v. Rich, 16 Tex. Civ. App. 364, 40 S. W. 1032. This is but the application of the well-settled rule that the rights of parties interested in the subject-matter of litigation are not affected by the judgment rendered unless they are parties to the suit.

[2] Our statutes, however, provide for the registration of all instruments affecting title to real estate, so that parties dealing with the same may have notice and be apprised of the rights of all parties therein, and, in the absence of such record, possession of the land, or other facts sufficient to affect one with notice, innocent parties dealing with the land take same discharged of such secret and unknown claims, and it seems to be well settled that, in a suit to foreclose a lien upon land, a junior mortgagee who is not in possession, and whose deed is not of record at the time of the institution of the suit and entry of the judgment of foreclosure, and of whose rights the prior lienholder is not otherwise advised, is not a necessary party to such suit, and such foreclosure of the first lien bars the rights of the junior mortgagee in the land. Webb v. Maxan, 11 Tex. 678; Bradford v. Knowles, 86 Tex. 508, 25 S. W. 1117; Rogers v. Houston, 94 Tex. 403, 60 S. W. 870; Adoue v. Town of La Porte (Sup.) 124 S. W. 135; 27 Cyc. 1572; Wiltsie on Mortgage Foreclosure (1st Ed.) §§ 191, 192, 418, 419, and 420.

[3] Of course the rights of the junior lienholder would not be affected by the decree of foreclosure if the holder of the first lien had notice of his rights by possession or otherwise; but, in the absence of constructive notice afforded by the record, the burden of proof is upon the junior incumbrancer to show possession or other facts sufficient to put the holder of the first lien upon notice of his rights at the time of the foreclosure proceedings. Rogers v. Houston, supra. There is nothing in the record to show that King county had any notice of the rights of Ashby S. James, or of E. C. Gamble, unless the record of the deed of trust given by James to Grant, trustee, was constructive notice thereof. The deed from the First National Bank of Childress to Ashby S. James, appellant's mortgagor, not being of record at the time of the institution of the foreclosure suit by King county, appellant's mortgage, though recorded, was disconnected from the chain of title upon which King county was seeking to foreclose.

[4] Being entirely disconnected from the title, it was not notice to King county of any rights in the title to the land against which King county had its lien and desired to fore-

close. Many titles are clouded and obscured by transfers and incumbrances emanating from parties disconnected from and in no wise related to the title, and in a foreclosure suit we think it necessary only to proceed against those whose claims in the land appear to be connected with the title against which the foreclosure is sought.

[5] Mr. Wiltsie in his work on Mortgage Foreclosure, par. 420, says: "The only proper parties to a foreclosure are the mortgagor and the mortgagee and those who have acquired rights or interests under them subsequent to the execution and delivery of the mortgage, for they are the only persons who have any rights or obligations growing out of the mortgage, or who can be affected in any manner by the litigation. A stranger claiming adversely to the title of the mortgagor can in no way be affected by the foreclosure suit. It can make no difference to him whether the mortgage is valid or invalid, whether it is discharged or foreclosed, or whether the estate mortgaged, the only estate which can be affected by the decree, remains in the mortgagor, or is transferred to another. As such adverse claimant is a stranger to the mortgage and to the mortgaged estate, he can have no interest in the subject-matter of the action; there is no privity between him and the plaintiff; and the plaintiff has no right to make him a party defendant to a foreclosure, for the purpose of trying his adverse title." This statement of the rule, we think, bears out the conclusion reached by us. The Grant mortgage, under which appellant claims, having emanated from one who was an apparent stranger to the title of Powell & Bradford, the presumption would be that his claim was adverse to that of the Powell & Bradford title, and as such he would not be a proper party to the foreclosure proceedings, as questions of title cannot be passed upon in those proceedings.

It is contended by appellant that King county recognized the Ashby S. James title and thereby became estopped to show the invalidity thereof by reason of its acceptance of above-mentioned quitclaim deed from James taken after the foreclosure of its lien. It is not a question, however, of whether or not the James title was valid or invalid, and it may be conceded that same was valid; but this does not alter the fact that neither James nor Gamble were necessary parties defendant to the foreclosure suit, for the reasons indicated above.

[6] Furthermore, by the mere acceptance of a quitclaim deed, no element of estoppel is raised in a case of this kind. The case of Waco Bridge Co. v. City of Waco, 85 Tex. 327, 20 S. W. 137, and other cases cited by appellant, wherein grantees have been held estopped to deny certain facts by the acceptance under certain circumstances of deeds, we do not regard as applicable.

In the former opinion of this case there is a discussion of whether or not appellant's right of redemption was barred by limitation, and upon this appeal it is again contended that appellant's right was so barred. Under the view which we take, however, that the foreclosure proceeding barred the right of redemption, we find it unnecessary to pass upon the questions now presented regarding the plea of limitation.

[7] The ninth assignment of error is overruled. It complains of the admission of certain testimony, but our attention is called to no bill of exceptions questioning the admission of the testimony of which complaint is made.

[8] The court properly refused to permit the witness Yeiser to testify to certain statements made to him by Ashby S. James in explanation of the failure of James to testify upon the former trial of this case; such statements were hearsay and inadmissible.

[9] Neither did the court err in refusing to permit appellant to offer in evidence the abandoned pleadings in the case which had been drawn by James; the declarations therein were self-serving and inadmissible. The various assignments relating to the sufficiency and validity of the deed dated October 2, 1900, from King county by its county judge, J. M. Martin, to Geo. B. Martin, are overruled. The validity of this instrument is immaterial in view of the execution of the subsequent deed by King county dated August 13, 1906. We do not think the charge of the court is subject to the objections urged in the seventeenth and eighteenth assignments, and they are therefore overruled.

[10] By the nineteenth assignment complaint is made of that portion of the charge which reads as follows: "In case the plaintiff has established, by a preponderance of the evidence, that he had at said conference in Ft. Worth accepted the said proposal of defendant, then you will answer said question 'yes,' otherwise you will answer the same 'no' "—the contention being that by the use of the word "established" a greater burden is imposed upon the appellant than the law requires. Literally and technically, this may be true, but in its common acceptation, and considering the charge as a whole, we do not think the jury could have been misled by the use of the word quoted.

The twentieth assignment is also overruled. This complains of the refusal of the court to submit a special charge requested by the appellant which was properly submitted in the court's general charge. It was therefore not error to refuse a special charge submitting the same issue.

Affirmed.