REYES et al. v. KINGMAN TEXAS IMPLEMENT CO. (No. 5619.) *

(Court of Civil Appeals of Texas. San Antonio. June 27, 1916. Rehearing Denied Oct. 4, 1916.)

1. APPEAL AND ERROR ⊕⇒80(5) — "FINAL JUDGMENT."

In suit for foreclosure of a judgment lien against land, praying that the land be sold and the proceeds be applied first to pay the vendor's lien balance to plaintiff, judgment for plaintiff against a defendant for the debt, rendered on findings on special issues, ordering the land to be sold and directing the application of the proceeds, was final and appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 450, 456, 457; Dec. Dig. ⊕⇒80(5).

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. JUDGMENT ⊕⇒632,.707—LIEN FORECLOSURE DECREE—BINDING FORCE.

A subsequent vendee or lienholder is not estopped or bound by a foreclosure decree to which he was not a party, and such decree does not estop or conclude the vendor or superior lien holder as to the sublienholder, not a party when the contract of sale foreclosed was executory.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1148, 1230; Dec. Dig. ⊕⇒632, 707.]

3. VENDOR AND PURCHASER ⊕⇒54—EXECUTORY CONTRACT—SUPERIOR TITLE OF VENDOR.

Where landowners made an executory contract of sale requiring their vendee to pay them $1,000 of the purchase money for the lots one year after the date of the deed, such executory contract left the superior title or fee in the owners, the buyer and his successor having only the right to acquire title by paying the price on the date fixed, not, strictly speaking, an equity of redemption, but a right to demand specific performance after complying with the condition.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 85; Dec. Dig. ⊕⇒54.]

4. VENDOR AND PURCHASER ⊕⇒185—EXECUTORY CONTRACT—BREACH OF CONDITION BY BUYER.

Where landowners made an executory contract of sale, requiring their vendee to pay $1,000 of the purchase money one year after date, and the vendee's successor defaulted in the payment on the date of maturity of the debt, he lost his right to demand specific performance, and the owners were then authorized to actually sell and convey absolute title to the land without any foreclosure suit, since they owned the fee free from condition.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 369–372; Dec. Dig. ⊕⇒185.]

5. VENDOR AND PURCHASER ⊕⇒185—EXECUTORY CONTRACT—RIGHT OF BUYER.

Where the vendors of land by executory contract sued their buyer and his successor on default in payment for debt and to foreclose their lien, the buyer's successor, by tendering the purchase money, could have obtained title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 369–372; Dec. Dig. ⊕⇒185.]

6. JUDGMENT ⊕⇒632—REPUDIATION—EFFECT.

Where vendors by executory contract sued their buyer and his successor upon default in payment for the debt and to foreclose their lien, a judgment creditor of the buyer's successor, claiming that it was not a party to the foreclosure suit, could not claim any right given by the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1148; Dec. Dig. ⊕⇒632.]

7. JUDGMENT ⊕⇒780(1) — LIEN — PROPERTY COVERED—STATUTE.

Filing, recording, and indexing of an abstract of judgment, by virtue of Rev. St. 1911, art. 5616, operates as a lien on all the judgment debtor's realty, but only on such interest or right as he actually owns.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1341, 1347; Dec. Dig. ⊕⇒780(1).]

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error pending in Supreme Court.

**8. Judgment ⬅️801 — Filing — Judgment — Rights Acquired.**

By filing, recording, and indexing an abstract of judgment, the judgment creditor only acquired the right to acquire the rights, if any, of his judgment debtor in land purchased by the latter under executory contract of sale, which right of the judgment creditor must be foreclosed and sold under a foreclosure judgment at public sale.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1387, 1575; Dec. Dig. ⬅️801.]

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by the Kingman Texas Implement Company against Santos Reyes and others. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

See, also, 156 S. W. 614.

R. E. Hannay, Jr., R. P. Ingrum, and Raymond Edwards, all of San Antonio, for appellants. I. B. Henyan, of San Antonio, for appellee.

SWEARINGEN, J. On March 29, 1915, appellee filed its fourth amended original petition against appellants, showing substantially the following facts relevant to our disposition of the case: October 22, 1907, Stieren and Dobrowlski owned certain lots in San Antonio, Bexar county, Tex., and on that date they executed and delivered to A. Schawe a deed to the property, reserving in the deed a vendor's lien to secure the payment of the purchase money, evidenced by two promissory notes for $500 each, payable to Stieren and Dobrowlski. The vendor's lien provision in said deed is as follows:

"But it is expressly agreed and stipulated that the vendor's lien is retained against the above-described property, premises and improvements until the above-described notes and all interest thereon are fully paid according to their face, tenor, effect and reading when this deed shall become absolute." ·

On May 27, 1908, Schawe conveyed the same property to W. F. Borders, who assumed and promised to pay the vendor's lien indebtedness. A vendor's lien was retained in the deed from Schawe to Borders, to secure the payment of the two notes of $500 each. On November 13, 1908, appellee herein had an abstract of judgment in its favor against W. F. Borders, duly filed, recorded, and indexed in Bexar county, Tex. Thereafter, on November 17, 1908, Stieren and Dobrowlski filed suit against Schawe and Borders on the two vendor's lien notes and to foreclose the vendor's lien. The appellee, who was the owner of the judgment against Borders which was abstracted, was not a party to the Stieren and Dobrowlski foreclosure suit. On January 29, 1909, judgment was rendered in the foreclosure suit, decreeing a foreclosure of the vendor's lien as of October 22, 1907, and ordering a sale of the lots. The order of sale issued on February 4, 1909, and on March 2, 1909, the sheriff sold the property involved in the foreclosure suit to Stieren and Do-

browlski, plaintiffs therein, for $710, which amount was credited on the notes, amounting at that time to about $932, as shown by the decree. Thereafter Stieren and Dobrowlski sold various lots to various persons, all parties to the suit at bar. Appellee prayed for foreclosure of the judgment lien claimed by it against the land, and prayed that the land be sold and the proceeds be applied first to pay the judgment lien balance to appellee, and made other alternative prayers for relief. Appellants made appropriate answers. The cause was submitted to a jury on special issues, upon the findings of which the court rendered judgment in favor of appellee, plaintiff below, against Borders for the debt; ordered the land sold, the proceeds from which to be applied: First, to pay the amount of the purchase-money notes owned by Stieren and Dobrowlski, amounting at date of judgment to $1,250.13; second, to pay the amount of the judgment lien of appellee and then the balance to appellants. It appears from the deed signed by Stieren and Dobrowlski to A. Schawe, introduced in evidence, that both the $500 notes were dated October 22, 1907, and were due and payable one year after their date, which was October 22, 1908. Appellee has sold this cause of action pendente lite. Appellants' motion for new trial was overruled.

[1] Appellants' first assignment, asserting that the judgment is not final, is overruled. Trammell v. Rosen, 157 S. W. 1161.

The second assignment complains that the court erred in refusing to give the requested peremptory instruction in favor of defendants, who are appellants here. Appellee, plaintiff below, claims a lien by virtue of an abstract of judgment duly filed and recorded November 13, 1908, against Borders and his real estate in Bexar county, Tex., and contends that it, appellee, and its judgment lien were not affected by the foreclosure suit, decree, and sale, obtained by the vendors, Stieren and Dobrowlski against Borders, because appellee's lien was recorded and indexed November 13, 1908, and the Stieren-Borders suit was filed November 17, 1908, and appellee was not made a party to that suit, and did not exercise its privilege of intervening therein. McDonald v. Miller, 90 Tex. 309, 39 S. W. 89.

[2] It is, of course, obvious and well-settled law that a subsequent vendee or lienholder is not estopped or bound by the decree to which he was not a party, and equally as obvious and well settled that such a decree does not estop or conclude the vendor or superior lienholder as to the sublienholder not a party when the contract of sale foreclosed was executory. Gardener v. Griffith, 93 Tex. 358, 55 S. W. 314; Gamble v. Martin, 151 S. W. 329; McDonald v. Miller, 90 Tex. 309, 39 S. W. 89; Pierce v. Moreman, 84 Tex. 601, 20 S. W. 821.

[3] In the case at bar Stieren and Dobrowlski owned the fee to the lots involved on October 22, 1907. On that day they executed an executory contract of sale (Simpkins on Equity, 387) to Schawe. The terms of that deed, or executory contract of sale, required the vendee to pay to the vendors $1,000 of the purchase money for the lots on a certain day, viz. one year after the date of the deed. The deed was dated October 22, 1907. After payment of the purchase money on the day named, the vendee had the right, under the deed, to have the absolute fee. The effect of this executory contract was to leave the superior title or fee in Stieren and Dobrowlski. Masterson v. Cohen, 46 Tex. 524; Baker v. Ramey, 27 Tex. 52; Simpkins on Equity, 387: Schawe, the vendee, conveyed to Borders by deed, vesting in him Schawe's right. Borders acquired by the deed from Stieren et al. nothing more than the right to acquire title after paying the purchase money on the date fixed in the deed. Estes v. Browning, 11 Tex. 247, 60 Am. Dec. 238; O'Donnell v. Chambers, 163 S. W. 140.

[4] This is not, strictly speaking, an equity of redemption, but is, more properly speaking, a right to demand specific performance after complying with the condition named in the deed, namely, payment of the notes at maturity. Foster v. Powers, 64 Tex. 248. Borders defaulted in the payment on the date of maturity of the debt, October 22, 1908. Upon this default, Stieren et al., vendors holding the superior title, owned the fee free from condition. The vendors were then authorized by law to actually sell and convey absolute title to the lots without any suit. Tom v. Wollhoefer, 61 Tex. 277.

[5, 6] On November 17, 1908, the vendors, Stieren et al., sued Schawe and Borders for debt and to foreclose the lien. No answer of any kind was filed. In that foreclosure suit Borders could have tendered the purchase money and obtained the title because the vendors had elected to sue to foreclose the lien and recover the purchase price; but no such tender was made. This right to tender the money after default and to get the title was a right given to Borders by the suit to foreclose; but Borders did not avail himself of it. It must be borne in mind that appellee claims that it was not a party to that suit; therefore not bound by it; wherefore it follows that appellee could claim no right given by that judgment. "Since the decree did not estop the subsequent vendee, it did not estop the vendor as to him." Gardener v. Griffith, 93 Tex. 358, 55 S. W. 314. After default, Borders lost his right to tender the money and obtain specific performance. Estes v. Browning, 11 Tex. 247, 60 Am. Dec. 238; O'Donnell v. Chambers, 163 S. W. 139. Borders had no title, and has lost his right to demand specific performance. Masterson v. Cohen, 46 Tex. 520; Webster v. Mann, 52 Tex. 416; Hale v. Baker & Rice, 60 Tex. 217; Dicken v. Cruse, 176 S. W. 655. If, however,

Borders had demanded specific performance and pleaded and proven justification for the default, he could have prevailed in such a suit. But he was legally bound to plead and prove sufficient justification for the default.

"This subject is elaborately reviewed by that distinguished jurist, Chancellor Kent, in the case of Benedict v. Lynch, 1 Johns. Ch. (N. Y.) 370, 7 Am. Dec. 484; and the rule, as deduced from the authorities, is laid down by him to be, in substance, that where a party who applies for specific performance has omitted to execute his part of the contract, by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay, and when there is nothing in the acts or conduct of the other party that amounts to an acquiescence in the delay, the court will not compel a specific performance. That time is a circumstance of decisive importance, in these contracts, but it may be waived by the conduct of the other party; that it is incumbent on the plaintiff, calling for a specific performance, to show that he has used due diligence, or, if not, that his negligence arose from some just cause, or has been acquiesced in." Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238; Parks v. Worthington, 39 Tex. Civ. App. 421, 87 S. W. 720; Scarborough v. Arrant, 25 Tex. 129; Secrest v. Jones, 21 Tex. 121; Tom v. Wollhoefer, 61 Tex. 277; Stone Cattle Co. v. Boon, 73 Tex. 549, 11 S. W. 544; O'Donnell v. Chambers, 163 S. W. 139.

It is true, as heretofore mentioned, when the vendors after default elected to sue to foreclose they extended the right to Borders to tender the money. Borders did not avail himself of the privilege. Because appellee herein was not a party to that suit, it cannot claim even the benefit of the election in that suit to foreclose. Gardener v. Griffith, 93 Tex. 358, 55 S. W. 314. The terms of the deed were binding upon Borders and his judgment lien creditor. Neither Borders nor the lienholder could extend the date of payment. In addition to the cases hereinbefore cited, we find the same principle expressed in an analogous line of decisions which hold that a sale, under a deed of trust containing a power of sale, extinguishes the rights of a subvendee, or subsequent lienholder. Wynne v. Bank, 82 Tex. 378, 17 S. W. 918; Milmo National Bank v. Rich, 16 Tex. Civ. App. 364, 40 S. W. 1032. The reason is that the subsequent rights are acquired subject to the terms of the deed of trust. In this case, all subsequent rights of the lienholder were acquired subject to the terms of the original vendors' deed, of which he had notice, because a recorded link in the chain of title under which he asserts his rights. The terms of the original vendors' deed bind appellee, though the decree in the foreclosure suit did not because not a party.

The right or title in and to the lots owned by Borders after the default on October 22, 1908, was nothing; all had expired and been lost. Such was the condition on November 13, 1908, when the abstract of judgment against Borders was filed and recorded and indexed, by the appellee. It may be that if appellee had been placed in the shoes of Borders, which it was not, as will later be

considered, it could have tendered the purchase money and demanded specific performance of the vendors, provided it had pleaded and proved sufficient justification for the default. Estes v. Browning, 11 Tex. 237, 60 Am. Dec. 238. Appellee did not then, and has not now, sued for specific performance of the original executory contract of sale and pleaded and proven any justification for the default.

[7] The filing, recording, and indexing of the abstract of judgment against Borders, by virtue of the statute (article 5616) operated as a lien on all of the real estate of Borders, but only on such interest or right as Borders actually owned. Grace v. Wade, 45 Tex. 524; Dixon v. McNeese, 152 S. W. 676; Blankenship v. Douglas, 26 Tex. 228, 82 Am. Dec. 608. As Borders did not own any title in the real estate involved herein, and had lost his right to own it by his own default, appellee acquired no right or title.

[8] Then, again, appellee by filing the abstract of judgment, only acquired the right to acquire the rights, if any, of Borders. This right of appellee must be foreclosed and sold under a foreclosure judgment at public sale; then, if at that sale appellee had bought the foreclosed right of the judgment debtor, he would have stood in the very shoes of Borders, and not until then. McDonald v. Miller, 90 Tex. 309, 39 S. W. 89; Gamble v. Martin, 60 Tex. Civ. App. 517, 129 S. W. 387; Jackson v. Butler, 47 Tex. 427. Appellee has never acquired the rights even that Borders might have had.

Often the equity of a particular case will induce the courts to exercise their power to give great weight to seemingly trifling facts to justify a default, especially where a substantial portion of the purchase money has been paid and where valuable improvements have been constructed by the vendee. But in every case such facts must be pleaded and proven. In the case at bar we can conceive of no facts that could be pleaded to excuse appellee in ignoring the plain terms of the deed and withholding the purchase price for four years, actually knowing, or charged with knowledge, that valuable improvements were being put on the property by purchasers for value, and then at this late date tendering only the promise of a defunct foreign corporation, without assets of any kind or character, and without the least interest in this suit itself to pay the balance due on the original purchase price. The attitude of appellee smacks more of culpable negligence or avarice than of that clean-handed equity which this suit in equity requires of it.

We conclude that appellants retained the superior title to all the land described in their executory contract of sale; that title became absolutely free from the condition of payment by the default of Borders; that the purchase at the foreclosure sale by the

original vendors merged in the original vendors the complete fee; and that their deeds thereafter passed the fee to the various parties made defendants below, and who are appellants here, free from any claim of any kind or nature of appellee.

The trial court erred, as assigned, by not peremptorily instructing the jury to find for the defendants.

The question presented in the third assignment was properly decided adversely to appellants by Judge Taliaferro on the former appeal of this case. Kingman Tex. Implement Co. v. Borders, 156 S. W. 614; Vidor v. Rawlins, 93 Tex. 259, 54 S. W. 1026.

All the other assignments must be overruled, in view of the disposition of this case by our ruling on the second assignment.

The judgment of the trial court is reversed, and judgment is here rendered that the Kingman Implement Company take nothing by its suit, and that all the appellants go hence without day.

Reversed and rendered.