**PEARSON v. TEDDLIE.**

No. 2836.

Court of Civil Appeals of Texas.
Eastland.

Dec. 1, 1950.

Rehearing Denied Jan. 12, 1951.

**758**

C. L. Chance and Alvis & Carssow, all of Austin, for appellant.

Joseph A. Chandler, Ennis Favors, Stephenville, Wm. Kay Miller, Austin, for appellee.

LONG, Justice.

By deed dated March 9, 1948, George W. Thornton, Jr. acquired 146.7 acres of land in Erath County, Texas, wherein a vendor's lien was retained in favor of the Farmers National Bank of Stephenville to secure the purchase money furnished by the bank to Thornton. At the time of the execution and delivery of the deed, Thornton also executed a deed of trust in favor of the bank covering the land to further secure said indebtedness and named Jack Teddlie as trustee therein. On April 4, 1949, Wesley Pearson obtained a judgment against George W. Thornton, Jr., in the County Court of Travis County in the amount of $703.11, plus interest and costs, which judgment was duly abstracted, indexed and recorded in the office of the County Clerk of Erath County on April 13, 1949. Thereafter, on February 7, 1950, Jack Teddlie, trustee, acting under the powers in the deed of trust, sold the land to Joe Spindor for $6,300. There remained in the hands of the trustee a surplus of $1,302.57 after the debt of the bank and the expenses were paid. On April 3, 1950, Henry Belcher obtained a judgment against Thornton in the sum of $832.82 in the County Court of Erath County and on April 4, 1950, obtained a judgment against Jack Teddlie, trustee, in a garnishment proceeding. On February 17, 1950, Jack Teddlie, trustee, filed this interpleader suit in the District Court of Erath County against Wesley Pearson, Henry Belcher and other parties, claiming liens upon the surplus in his hands. In such suit Teddlie paid into the registry of the court said sum of $1,302.57, being the amount of the surplus after the payment of the bank's debt and the expenses in the foreclosure and asked the court to adjudicate the disposition to be made thereof. Upon a trial, the court ordered the Clerk to first pay from said surplus all costs incurred in this suit, including attorney's fee of $250 in favor of Hon. Joseph A. Chandler, who represented the trustee in this suit. After the payment of the costs including said attorney's fees, the Clerk was ordered to pay Henry Belcher the amount of his claim which is the judgment rendered in his favor as garnisher against Jack Teddlie in the County Court of Erath County and after the payment of said judgment in favor of Henry Belcher, to pay the remainder of said surplus to Wesley Pearson. From this judgment, Pearson has appealed.

Appellant contends the court erred in adjudging the claim of appellee Belcher superior to that of the judgment lien of appellant Pearson because he says the undisputed facts show that Pearson had a valid and subsisting lien on the property sold under the deed of trust which was prior in time to the claim of appellee Belcher and as a matter of law, said judgment lien attached to and was transferred to the surplus from the trustee's sale without loss of priority.

Appellee Belcher contends (1) that the abstract of judgment filed by Pearson did not fix a lien upon the land because there was at that time an outstanding vendor's lien retained by the bank and the bank owned the superior title to the land and that a judgment lien does not apply where there is a vendor's lien on the land and the judgment debtor does not hold the legal title thereto; (2) that the sale under the deed of trust cut off Pearson and his lien, if any, and did not follow the surplus in the hands of the trustee; (3) that Pearson, by not paying off the bank's indebtedness and instituting a foreclosure suit upon his lien, as a matter of law, abandoned same.

It is true, as contended by appellee, that the bank did retain the superior title to the land and held such title at the time Pearson filed his abstract of judgment. Article 5449, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 5449, provides in part that when any judgment has been properly recorded and indexed it shall, from the date of such record and index, operate as a lien upon all of the real es-

tate of the defendant situated in the county where such record and index are made. Thornton, at the time of the filing of the abstract of judgment, possessed such an interest in the land as might be transferred by assignment and was, therefore, subject to execution. McGriff v. Hazle, Tex.Civ. App., 201 S.W.2d 92; Gregg v. First Nat. Bank in Brownsville, Tex.Com.App., 26 S.W.2d 179.

█ In the case of Minter v. Burnett, 90 Tex. 245, 38 S.W. 350, 353, we find the following: "It is the settled law of this state that, as between the vendor and vendee, an express reservation of the vendor's lien has the effect to reserve to the vendor the superior title to the land. This is, however, only for the purpose of enforcing the collection of the purchase money, and has no application as between the vendee and third persons. The vendee's title is subject to execution, may be sold by him, and will descend to his heirs." See also Baker v. Clepper, 26 Tex. 629.

In the case of Baker v. West, 120 Tex. 113, 36 S.W.2d 695, 696, Norton conveyed certain lots in the City of Houston to Ramsey by warranty deed by which vendor's lien was reserved to secure the payment of the purchase money. At the time of such conveyance, Mollie Baker had a judgment against Ramsey which was duly abstracted and recorded in the Judgment Records of said County. It was there contended that Baker did not have a lien upon the lots. Our Supreme Court, in passing upon this question, said: "When L. E. Norton, on May 1, 1920, conveyed the two lots in controversy to E. B. Ramsey, the judgment lien of Mollie Baker attached thereto, to the extent of Ramsey's interest therein, and subject to the vendor's lien and superior title retained by Norton to secure the unpaid portion of the purchase price." (Citing authorities.)

█ We have concluded, upon careful consideration, that by the filing and properly indexing of his judgment, Pearson obtained a valid and subsisting lien upon the land and that the same was in existence at the time the land was sold by the trustee under the deed of trust. We also are

of the opinion that said lien followed the surplus in the hands of the trustee.

The sale by the trustee under the powers given him in the deed of trust destroyed Pearson's lien on the land. After said sale Pearson had no remedy except by resort to the surplus funds in the hands of the trustee and equity treats it as the land itself. Milmo Nat. Bank v. Rich, Sheriff, 16 Tex.Civ.App. 363, 40 S.W. 1032.

█ In the case of Wynne v. State Nat. Bank of Ft. Worth, 82 Tex. 378, 17 S.W. 918, 919, in which our Supreme Court was dealing with a fact situation similar to the instant case, held this: "After the land had been sold by the trustee, the legal title becoming thereby·vested in the purchaser from him, the lien of the judgment growing out of the attachment was transferred to the surplus remaining after the satisfaction of the trust-deed, and its collection could have been enforced by some appropriate proceeding, if not voluntarily paid over by the trustee."

Also in 59 C.J.S., Mortgages, § 596, page 1032, we find the following: "Where surplus remains after satisfying the mortgage or deed of trust under which the sale is made, together with costs and commissions, it is generally held that it should be applied to the payment of the claims of a junior mortgagee or encumbrancer, and that the funds should be retained by the trustee or mortgagee until the rights of such claimants are determined."

██ We find a similar holding in 37 Am.Jur., page 250. If we be correct in holding that Pearson's judgment lien followed and attached to the surplus in the hands of the trustee, then it necessarily follows that his lien was prior and superior to the lien of appellee Belcher. It is our opinion that Pearson had a valid and subsisting lien upon the proceeds at the time Belcher caused his writ of garnishment to be served upon the trustee. We are further of the opinion that the record does not show that Pearson abandoned this lien by not filing a suit to foreclose the same or by not paying the indebtedness due the bank. He was not a

party to the foreclosure proceedings of the bank, nor the garnishment suit brought by Belcher. When called upon to do so, he asserted his lien in this the interpleader suit filed by the trustee. In order to preserve his lien, it was not incumbent upon him to pay the indebtedness in favor of the bank or to file suit to foreclose his lien.

We believe the trial court erred in holding that Belcher had a prior lien upon the surplus and in ordering it paid before the claim of Pearson. We believe the judgment of the trial court should be reformed so as to direct the Clerk of the District Court of Erath County to pay Pearson's claim first out of the surplus deposited in the registry of the Court and the remainder thereof to Belcher. The judgment in all other respects is affirmed.

The judgment of the trial court is reformed and as reformed, affirmed.