## W. D. PIERCE v. C. R. MOREMAN ET AL.

### No. 7467.

1. **Cases Discussed and Limited.**—Foster v. Powers, 64 Texas, 247; Ufford v. Wells, 52 Texas, 617; and Cattle Company v. Boon, 73 Texas, 548, do not deny to a subvendee not made a party to a foreclosure proceeding the right to pay for the land, and thus obtain title to it, whether the purchaser under the foreclosure be the original vendor or some other person; if the equities of the subvendee are such as to entitle him to relief under the general rules of equity applicable to the rights of vendor and vendee.

2. **Right of Subvendee to Redeem — Practice.** — It matters not whether the relief be sought by a subvendee by a suit against the purchaser under a foreclosure decree to which he was not made a party, practically to enforce the right of redemption, or to establish his right to pay for and have the land, or be set up and claimed by him in an action by the purchaser to recover the land; and when set up in either manner such equities will be enforced in all proper cases.

3. **Case in Judgment.**—Pierce, a subvendee of land subject to the vendor's lien, brought suit against the purchasers of the land under foreclosure proceedings in which he was not made a party, although his deed was on record and he in possession. Suit was brought promptly and tender made of the amount of the foreclosure sale, with offer to pay further as the court should adjudge. *Held,* that the plaintiff had the right to redeem the land and was entitled to decree in his favor.

APPEAL from Collin. Tried below before Hon. H. O. HEAD.

No statement is necessary.

*John Church* and *W. M. Abernathy*, for appellant.—The defendant having been found by the court to be a subvendee under all the grantors in the original deed, and not being a party to the foreclosure proceedings, the court erred in holding that the title acquired at the foreclosure sale operated to divest appellant of his interest and title to the land, and erred in not rendering judgment for plaintiff, appellant; and the court erred in not permitting appellant to redeem. Tom v. Wollhoefer,

61 Texas, 278; Foster v. Powers, 64 Texas, 247; Hamblen v. Folts, 70 Texas, 136; Russell v. Kirkbride, 62 Texas, 456; Cassaday v. Frankland, 55 Texas, 452; Frankland v. Cassaday, 62 Texas, 424; Nass v. Chadwick, 70 Texas, 158; Burson v. Blackley, 67 Texas, 11; Catlin v. Bennatt, 47 Texas, 168; Gunst v. Pelham, 74 Texas, 588; Stitzle v. Evans, 74 Texas, 599; Estell v. Cole, 62 Texas, 702; Milligan v. Ewing, 64 Texas, 260; Thomas v. Beaton, 25 Texas Sup., 321; Scarborough v. Arrant, 25 Texas, 131; Coddington v. Wells, 59 Texas, 49.

*M. H. Garnett* and *Muse & Mangum*, for appellees.—1. A person who purchases land from a vendee under an executory contract is not a necessary party in a suit by the vendor to foreclose.

2. Where there are several grantors in a conveyance of land, and the consideration therefor is partly in cash and partly by notes payable only to certain named grantors, the presumption would be either that the cash payment was in full of the interests of those grantors not named in the notes, or that the grantors, to whom the notes were not payable in fact, had no interest in the land, and that such grantors were only formal parties to the conveyance.

3. In a conveyance of land in which several persons join as grantors, and the consideration is recited and proved to be a certain amount in cash, and the remainder is secured by promissory notes payable to only two of the grantors, such conveyance reserving a vendor's lien to secure the payment of the notes, in the absence of proof to the contrary the presumption would be that the interests of all the grantors were adjusted in a manner satisfactory to all parties interested.

4. The right of a subsequent purchaser in an executory contract is not, strictly speaking, an "equity of redemption," for that term conveys the idea of title subject to an incumbrance; but it is, more properly speaking, the right to tender the plaintiff in the foreclosure suit the amount of unpaid purchase money and obtain a title.

5. A subsequent purchaser has neither title to the land nor an incumbrance upon it as against the original vendor in an executory contract which is to be affected by the judgment rendered in the foreclosure suit. Ufford v. Wells, 52 Texas, 612; Foster v. Powers, 64 Texas, 247; Land and Cattle Co. v. Boon, 73 Texas, 548.

STAYTON, CHIEF JUSTICE.— C. R. and Mary Moreman and six other persons, each owning an undivided one-eighth of a tract of land, sold to H. T. Farrell and John T. Kendrick, who paid $2000 in cash, and executed three promissory notes to secure the unpaid purchase money. One of these notes was for $1000, due August 1, 1886; another for $1000, due January 1, 1887; and a third for $1500, due December 15, 1887, and to secure their payment a lien was reserved on the land sold.

All these notes except the one last falling due were paid, but on that, on December 26, 1887, C. R. and Mary Moreman, to whom it was made payable, brought suit against Kendrick, Farrell, and G. W. Weaver to enforce its payment through foreclosure of the lien reserved. On January 25, 1888, a judgment was rendered in their favor for the sum due on the note and the lien was established, and the land was directed to be sold in satisfaction of that judgment. The land was sold, in obedience to that judgment, on April 9, 1888, for the sum of $1905, to Olney Davis, who is alleged to have purchased for the benefit of G. W. Weaver and John A. Moreman as well as for himself.

Before the suit referred to was brought, H. T. Farrell conveyed to Pierce, the appellant, an undivided half-interest in a part of the land, by a deed placed on record before that suit was brought, for which he claims to have paid $3200, and to have agreed to pay so much of the purchase money when it should fall due as Farrell was under obligation to pay for the land.

It is alleged, that G. W. Weaver purchased the remaining interest owned by Farrell, and that of the right of appellant plaintiffs had notice by registration of the deed to him as well as by his possession of the land when the suit to foreclose his lien was instituted.

This suit was brought on December 29, 1888, by Pierce, against C. R. Moreman, Mary Moreman, H. T. Farrell, John T. Kendrick, Olney Davis, John A. Moreman, and W. G. Weaver, in effect to recover the interest in the land conveyed by Farrell to him on August 24, 1886. He sought also to have an account taken of the profits of the property since it has been in possession of some of the defendants, and that these be applied to the satisfaction of the judgment obtained by C. R. and Mary Moreman in the suit in which Farrell, Kendrick, and Weaver alone were defendants, but he tendered into court the sum bid for the property by Davis and asked that it be so applied if necessary, that being more than the sum due on the land; and he also expressed a willingness to pay into court any sum the court might think it proper for him to pay in order practically to reclaim the land sold under the foreclosure proceeding.

In the court the relief sought was granted to him; he also sought an adjustment of such equities as might grow out of the fact that money paid into the court by him might be used to discharge the entire debt with which all the land purchased by Farrell and Kendrick was charged.

The ground on which he claimed such relief was the fact that he was not made a party to the foreclosure suit, when his interest in the land was known to all parties thereto. He also alleged, that he had no notice of the pendency of that suit; that his interest in the land was of the value of $5000, and that it sold for a grossly inadequate price; but the court found that the latter averment was not true. He averred many other facts tending to show that some of the defendants pursued a

course calculated to make the property sell for less than its value, and many other facts bearing on his equities, which were not passed on by the judge who tried the cause, and therefore need not now be stated.

The findings of the court were as follows:

"1. I find, that the several conveyances from the Moremans to H. T. Farrell and John T. Kendrick, and from said Farrell to plaintiff, and from Farrell to Weaver, were in fact made at the time and for the consideration set forth in plaintiff's petition, and that the relative value of the land conveyed by Farrell to plaintiff, and by Farrell to Weaver, was in proportion to the consideration expressed in said deeds. I also find, that the foreclosure suit was brought by C. R. Moreman and Mary Moreman, and judgment obtained and the land sold thereunder for the amount and to the person set forth in plaintiff's petition, and that plaintiff was not a party to any of these proceedings, although his deed was upon record before the institution of said suit. I find, that the price realized for said land at such foreclosure suit was its reasonable value at that time,. and was not grossly inadequate, as alleged in plaintiff's petition, and that there was no fraud or collusion between any of the parties, as alleged by plaintiff. I find, that the deed from the Moremans to Farrell and Kendrick expressly reserved therein a lien to secure the deferred payments on which said foreclosure suit was brought. I find, that the $1000 note alleged by plaintiff to have been paid by him and Kendrick together was in fact paid by Kendrick alone, except an insignificant part paid out by the earnings of the gin in which plaintiff was interested, but he has furnished no data to enable me to fix the exact amount. I find, that the $1500 note was paid out of the foreclosure suit, as alleged by the plaintiff. I find, that plaintiff had an agent in possession with his cotenant Kendrick at the time of the foreclosure proceedings, but such agent was also in employ of Kendrick in running the machinery, and was looking after plaintiff's interest.

"2. I conclude, that plaintiff was not a necessary party to the foreclosure suit, and that all the title of the plaintiffs in that suit, and of all the parties interested in the notes therein sued on, passed to the purchaser at that sale, and that this title is superior to the title of plaintiff.

"3. I conclude, that plaintiff is not entitled to redeem under the circumstances of this case, and that judgment should go for defendants."

The findings show, that the judge who tried the cause, contrary to his own view, felt constrained by the opinion in Foster v. Powers, 64 Texas, 247, to rule that plaintiff was not a necessary party to the foreclosure suit, and that his right to redeem was cut off by the decree made in that case and the sale under it.

Whether this was correct is the only question arising on this appeal.

The case of Foster v. Powers was an action of trespass to try title, in which no equitable relief was sought by defendant, and it was based

on the following facts: Parker sold a tract of land to Bates by a deed which retained an express lien to secure the unpaid purchase money, and Bates conveyed to Jones, who conveyed to the Powers. After this occurred, and while the Powers were in possession of the land, Parker sued Bates on the purchase money notes, and without making the Powers parties to the suit obtained a judgment establishing and foreclosing the lien, under which the land was sold and purchased by Foster, who brought the action of trespass to try title against Powers.

In that case it was held, under a long line of decisions in this State, that the superior title remained in Parker, such contracts being deemed executory, and that by the sale made under a judgment rendered in a suit brought by him the title would pass to the purchaser, and that on this he might maintain an action of trespass to try title against a vendee of Bates, although he was not made a party to the foreclosure proceeding.

The only difference between that case and the case of Ufford v. Wells is, that in the latter case the purchase at foreclosure sale was by the original vendor. 52 Texas, 617.

The case of Cattle Company v. Boon, 73 Texas, 548, presented substantially the same facts, and the ruling in both cases was, that on such a title trespass to try title might be maintained against a subsequent vendee not made a party to the foreclosure suit. That under a sale so made all the right of the vendor plaintiff would pass to a purchaser, we have no doubt. Russell v. Kirkbride, 62 Texas, 457; Hamblen v. Folts, 70 Texas, 135; Gunst v. Pelham, 74 Texas, 587.

We do not understand, however, that either of the cases referred to deny equitable relief to a person, not made a party to the foreclosure proceeding, who comes asking such relief and offering to do equity. As before said, this was not done in either of the cases referred to, and the question under the pleadings was simply one of title.

In Ufford v. Wells it was said: "If the original vendor seeks to protect his right by suit in the nature of a bill to foreclose and bar the equity of redemption, the subsequent purchaser if made a party will be bound thereby. If, however, he should not be made such party, although his equity of redemption might not thereby be barred, yet in a contest of title between him and the original vendor the superior title of the latter must prevail, unless in a proper case, under appropriate allegations and proof, the equities of the former can still be enforced. Neither the allegations nor the evidence on the part of appellant presents such a case here for our consideration. Although a subsequent purchaser is a proper party in all suits to enforce a prior lien, yet he may not be a necessary party except to bar his equity of redemption."

In Foster v. Powers it was said, that the purchaser under foreclosure, "having possessed himself of the legal ownership of the land, was entitled to recover it against one holding no title whatever, and no right

except that of attaining title by payment of the consideration due, if indeed he had even that right *in an action the only object of which was to try title to the land.*   \*   \*   \*   The subsequent purchaser, having no title, *can not defend against a suit in which title alone is involved,* as against one holding the undoubted title to the land. If the defendant in this case had equities to be adjusted, they could not defeat the plaintiff's recovery, and certainly could not have been allowed in this case, not having been claimed."

In Cattle Company v. Boon it was said: "This suit being to recover the land, defendants were required to plead their defenses and make or tender payment of the purchase money before judgment and not afterward. If the defendant in such case, where the suit is by one holding the title for the recovery of the land, elect to depend upon the ordinary defenses, such as title in themselves or outstanding title in another, the statute of limitations, or the inability to show title in himself by the plaintiff, they may do so by the usual modes of pleading and evidence; but if in such a case as this the party in possession without title, but with the equitable right to acquire it by the payment of a sum of money, desires to have that relief, he must come, as suggested in Ufford v. Wells, 'doing equity before he can ask equity, and redeem by payment of the purchase money;' doing this, 'under appropriate allegations his equities can still be enforced.' 52 Texas, 620. We think a vendee so situated and failing to pay the purchase money before suit, if the vendor elects to sue for the land, can only get protection through a court of equity by bringing the money into court and placing it in the power of the court. The defendants not having paid or tendered the balance of the purchase money or pleaded an unconditional offer to pay it, but having resorted to the defenses usually made in actions to try title, we think that upon their failure to establish these defenses plaintiff was entitled to have a judgment for the land to which he established title."

These quotations from the opinions in the cases referred to clearly show that it was not the intention of this court to deny to a subvendee, not made a party to the foreclosure proceeding, the right to pay for the land and thus obtain title to it, whether the purchaser was the original vendor or some other person, if the equities of a subvendee were such as to entitle him to relief under the general rules of equity applicable to the rights of vendor and vendee. Equities of a subvendee not made a party to proceedings to enforce a vendor's claim for money by sale of the land are as strong against a purchaser at such a sale, having knowledge of his rights, as are they between the original vendor and vendee. It matters not whether the relief be sought by a subvendee by a suit against the purchaser, practically to enforce the right of redemption, or to establish his right to pay for and to have the land, or be set up by him in an action by the purchaser to recover the land, and

when set up in either manner such equities will be enforced in all proper cases.

If the vendors of Farrell and Kendrick had sought to recover the land from them and their vendees on account of the failure to pay the $1500 last falling due, this ought not to have been permitted after the purchasers had paid $4000 of the purchase money, unless they were unwilling to pay the balance; and their inability to do this ought not alone to be deemed sufficient to authorize a recovery of the land by the vendor. In such a case the clearest principles of right would require that the vendor enforce his demand against the land by its sale, at which he or any other person might buy; but in such case any money derived from the sale and not necessary to discharge the debt due to the vendor would belong to the person who had made an executory contract for the land, or to some person entitled through him.

If appellant had been made a party to the suit against Farrell, Kendrick, and Weaver, he could have asserted the right to have this course pursued, and he can not be deprived of it by a judgment rendered in a suit to which he was not a party. The mere failure to pay the balance did not operate a forfeiture of appellant's right; and between himself and co-owners there was no obligation on him to pay the entire sum due on all the land bought by Farrell and Kendrick, although his interest in the land was so subject if necessary. He ought, however, to have paid so much of the debt as he had agreed to pay; and from the prompt manner in which he sought to discharge the entire sum due on the land, the inference is strong that he would have done so when the suit was brought if he had been made a party and notice given; but as this was not done, we are of opinion that he is now entitled to discharge the indebtedness on the land and thus acquire good title to so much as was purchased by himself. The rules applicable to rights between vendor and vendee by executory contracts have been too often stated to require repetition. Roeder v. Robson, 20 Texas, 754; Thomas v. Beaton, 25 Texas Sup., 318; Coddington v. Wells, 59 Texas, 49; Hamblen v. Folts, 70 Texas, 133; Tom v. Wollhoefer, 61 Texas, 277.

This suit was brought promptly after the sale of the property, and there can be no claim of laches or other like defense. What the rights of appellant may be growing out of an adverse holding and use of the property, or as between himself and some other parties to this suit, in the event he pays the purchase money for the land, has not been discussed and will not be considered.

It seems to be claimed that the interest of six of the eight grantors of the land was paid for, and that to this extent complete title vested in appellant under his purchase; but the record does not develop the facts bearing on that question, and we have not considered it; but the judgment will be reversed and the cause remanded, on the ground that the

court erred in holding that the judgment rendered in the suit to which appellant was not a party barred his right by payment of purchase money to perfect his title. It is so ordered.

*Reversed and remanded.*

Delivered May 13, 1892.