VINSON et al. v. W. T. CARTER & BRO. et al.

(Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1913.)

1. APPEAL AND ERROR (§ 281*)—PRESERVATION OF GROUNDS OF REVIEW—NECESSITY OF MOTION FOR NEW TRIAL.

Assignments of error not supported by a motion for new trial cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

2. MORTGAGES (§ 105*)—INSTRUMENTS SIMULTANEOUSLY EXECUTED—CONSTRUCTION.

A deed and a bill of sale with a mortgage and notes simultaneously executed by the grantee as security for the purchase price, referring to the same subject-matter, constitute but one act and should be construed as one and the same agreement.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 214, 215; Dec. Dig. § 105.*]

3. VENDOR AND PURCHASER (§ 315*) — EVIDENCE—PAYMENT OF PURCHASE MONEY.

A deed and bill of sale of personalty, with the grantee's simultaneously executed mortgage and notes to secure the payment of the purchase price, was proof that the purchase money was not fully paid at the time of the conveyance to the grantee.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 928–931; Dec. Dig. § 315.*]

4. VENDOR AND PURCHASER (§ 79*)—CONTRACT—EXECUTORY CONTRACT.

Such instruments, construed together, showed an executory contract for the conveyance of a tract of land, the superior title to remain in the grantor and his wife, and which would be divested by the grantee or his vendees only by the payment of the purchase price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 7, 8, 127–131; Dec. Dig. § 79.*]

5. VENDOR AND PURCHASER (§ 265*)—BONA FIDE PURCHASER—NOTICE.

Plaintiff in trespass to try title, claiming under a purchaser from a vendee with notice of the vendor's lien and superior title, and who did not pay or offer to pay his proportionate part of the purchase money and did not exercise or attempt to exercise his right of redemption but abandoned it, could not recover against those claiming under the vendor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. § 265.*]

Appeal from District Court, Tyler County; W. P. Powell, Judge.

Trespass to try title by John F. Vinson and others against W. T. Carter & Bro., and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

V. A. Collins, of Beaumont, for appellants. Baker, Botts, Parker & Garwood, of Houston, Joe W. Thomas, of Woodville, and C. L. Carter, of Houston, for appellees.

---

LEVY, J. The action was by appellants against appellees in trespass to try title to about 388 acres of land out of the southeast corner of the 1555-acre tract in the Tatman league. The appellants were the heirs of R. N. Dicken, to whom U. M. Gilder conveyed the same land on October 16, 1863. The appellees pleaded not guilty and vouched in their warrantor. The appellees claimed the land under deed from the heirs of Wm. Minter. The case was tried to a jury, and upon the conclusion of the testimony the court directed a verdict in favor of the appellees.

[1] The appellees object to consideration of the assignments as presented by appellants in their brief, and the objection must be sustained for the reasons so given, except as to the second assignment in the brief, which is, we think, supported by a motion for new trial. The effect of the second assignment is to predicate error upon the action of the court in peremptorily instructing a verdict for appellees. The precise contention of error is that the recitation in the deed from Wm. Minter and wife to U. M. Gilder, of date March 11, 1863, recites the payment of the purchase money for the land, and there is not any evidence to show that the recitation in the deed is not correct, and therefore the appellees, as a matter of law, had failed to show title against the appellants. The evidence established that on the 11th day of March, 1863, Wm. Minter and wife, who were the owners, conveyed to U. M. Gilder a tract of 1555.9 acres of land, part of the N. Tatman league (which tract involves the land in controversy), and by the same conveyance a tract out of the Ann Fisher league in the same county; the consideration recited being $3,661 in hand paid. On the same date of March 11, 1863, Wm. Minter executed a bill of sale to U. M. Gilder for a number of negro slaves, wagons, mules, horses, and oxen for a consideration recited of $42,440 in hand paid. On the same date of March 11, 1863, U. M. Gilder executed three notes payable to Wm. Minter, aggregating $25,471.12. On the same date of March 11, 1863, U. M. Gilder and wife executed a mortgage to Wm. Minter, to secure the identical three notes mentioned, on the same land described in the deed of the same date, and including other lands, and on the same personal property covered by the bill of sale. The deed and the mortgage were both filed for record in the county clerk's office on the same day and recorded in the same record book on consecutive pages. On January 6, 1866, U. M. Gilder having defaulted in the payment of these notes, Wm. Minter filed suit thereon in the district court of Tyler county, seeking to enforce the mortgage upon the land and asking that it be sold to satisfy the lien. It appears that to this action defendants U. M. Gilder and wife answered setting up in substance a failure of consideration by reason of the emancipation of the negroes, and asking a rescission of the contract as follows: "Defendants here tender the said negroes or persons of color as mentioned in said mortgage purchased from the said Minter, plaintiff, together with all of the property purchased from the said plaintiff at the time the negroes were purchased, and asks that said contract based upon said mortgage and the promissory notes be canceled and that said mortgage be declared null and void and of no effect." And the defendants in that suit also sued in reconvention to recover back $23,000 paid on the contract of purchase on March 11, 1863. It appears that this suit continued on the docket of the court for some years thereafter; and Gilder and wife having died, their heirs were made parties defendant by scire facias; and Minter and his wife having died, their heirs were properly made parties plaintiff. The plaintiffs in that suit, the heirs of Minter, on December 22, 1884, filed their amended petition in the form of ordinary action of trespass to try title to recover the land described in the mortgage above referred to. The defendants in that suit, heirs of Gilder, answered by general demurrer, general denial, and plea of not guilty, filed on the same date. Thereupon an agreed judgment was entered in the cause in December, 1884, in which the heirs of Wm. Minter, as plaintiffs, recovered back the 1555.9 acres of the Tatman league and the tract of the Ann Fisher league, being the identical lands which Minter and his wife had conveyed to Gilder; and the heirs of Gilder recovered from the heirs of Minter the other tracts of land described in the mortgage; and, the personal property having been lost by the freeing of the negroes, it was so declared. It appears, however, that on October 16, 1863, U. M. Gilder conveyed to R. N. Dicken the identical tract of 388 acres in this suit and covered by the mortgage previously given and recorded by Gilder to Minter. R. N. Dicken is the ancestor under whom plaintiffs in this case claim. It was proven, though, that R. N. Dicken stated that he knew the Minter heirs had always asserted title to the land and had a mortgage on it, and after he got the land he learned that Gilder could not make him a good title, and he just moved off of it, and that he had never lived on it since or paid taxes on it or claimed it. It was further proven that R. N. Dicken was sheriff of the county from 1870 and for many years during the pendency of the suit between the heirs of Minter and the heirs of Gilder and never took any steps to assert any right to the property now claimed by his heirs. Also the record does not show, and appellant offered no proof, that the consideration named in the deed from Gilder to Dicken was in fact paid.

Under all these undisputed facts it would appear that it should be properly ruled that there was proof going to show that the pur-

chase money for the land was not in fact fully paid, and that R. N. Dicken, under whom appellants claim as heirs, so knew, both actually and constructively, at the time of his deed, and that the superior title remained in Minter, and Dicken did not acquire the legal title, and, he having abandoned his claim and failed to avail himself of an equity of redemption, that appellants had no title to the land.

[2] The deed, mortgage, notes, and bill of sale were all executed by the same parties and simultaneously. The mortgage is based upon the notes, and they are proven by the admissions of Gilder in his answer to the suit thereon by Minter to have been executed as a part of the consideration for the sale of the personalty and realty under mortgage. All the instruments being parts of and in reference to the same subject-matter, the effect of the simultaneous execution of the same would be to constitute them but one act and require them to be construed as but one and the same agreement. Howard v. Davis, 6 Tex. 181; Dunlap v. Wright, 11 Tex. 597, 62 Am. Dec. 506.

[3, 4] And, being so considered, they evidence the fact that Minter and wife owned two tracts of land, slaves, and other property, and that Gilder desired to acquire these two tracts and the slaves and personal property, and to that end he executed the three promissory notes for the amount of unpaid purchase money of the slaves, personalty, and lands, executing contemporaneously the mortgage upon the property thus conveyed to him to secure payment of the purchase-money notes, and, in addition to the land and personal property thus being acquired, mortgaged also other real estate then owned by him. Consequently there was proof that the purchase money was not fully paid at the time of the conveyance to Gilder. By virtue of these instruments thus construed together, it would follow as a legal proposition that there was an executory contract for the conveyance of the tract of land out of the Tatman league, the superior title remaining in Minter and wife, and which could be divested by Gilder or his vendees only by the payment of the purchase price. Masterson v. Cohen, 46 Tex. 520; Jackson v. Palmer, 52 Tex. 427; Webster v. Mann, 52 Tex. 416; Hale v. Baker, 60 Tex. 217. And it is further to be observed that a complete rescission of the entire original contract evidenced by the deed, mortgage, bill of sale and notes took place and was given effect by the terms of the decree of 1884 upon the property; there being restored to Gilder, through his heirs, the land which he owned prior to the execution of the mortgage, independent of his purchase from Minter, and there being restored to Minter, through his heirs, the title to the land which he had contracted by the executory agreement to convey to Gilder out of the Tatman league and Fisher league.

The effect was to revest the heirs of Minter with their ancestor's title, free from the Gilder claim.

[5] And the effect of the fact of which Dicken had notice is that, if Dicken secured any right or title, it was taken subject to the vendor's lien and superior title of Minter. And he not having paid or offered to pay his proportionate part of the purchase money, nor having exercised or attempted to exercise his right of redemption, but having abandoned same, appellants cannot recover. Ufford v. Wells, 52 Tex. 617; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821. The second assignment must therefore be overruled.

The judgment is affirmed.