DICKEN et al. v. CRUSE et al. (No. 6785.)

(Court of Civil Appeals of Texas. Galveston. April 7, 1915. Rehearing Denied April 29, 1915.)

1. APPEAL AND ERROR &wkey;1078 — QUESTIONS REVIEWABLE—WAIVER OF ASSIGNMENTS OF ERROR.

Assignments of error omitted from appellant's brief are waived.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. &wkey; 1078.]

2. CONTRACTS &wkey;164 — CONSTRUCTION — INSTRUMENTS SIMULTANEOUSLY EXECUTED.

A deed, bill of sale, notes for part of the price, and a mortgage on the property conveyed to secure the notes, executed by the same parties and simultaneously, must be construed as but one and the same agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 746–748; Dec. Dig. &wkey;164.]

3. PAYMENT &wkey;73—EVIDENCE—PAYMENT OF PURCHASE MONEY.

The instruments, construed together, were proof that the purchase price was not fully paid at the time of the execution of the deed.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 220, 222–225, 232–238; Dec. Dig. &wkey;73.]

4. VENDOR AND PURCHASER &wkey;53 — CONTRACTS—EXECUTORY CONTRACTS.

The instruments, construed together, showed an executory contract for the conveyance of the land, the superior title remaining in the grantor, from which he could not be divested by the purchaser, or those claiming under him, except by payment of the price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 84; Dec. Dig. &wkey;53.]

5. VENDOR AND PURCHASER &wkey;105—EXECUTORY CONTRACTS—RESCISSION.

Where a vendor, in an executory contract of sale, was by judgment restored to his title,

the judgment revested the title in him, free from the claim of the purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 183–187; Dec. Dig. ⊕⊶105.]

6. VENDOR AND PURCHASER ⊕⊶265 — BONA FIDE PURCHASER—NOTICE—ABANDONMENT.

One purchasing from a purchaser in an executory contract, duly recorded, takes subject to the vendor's lien retained by the contract; and where he does not pay or offer to pay his proportionate part of the price, and does not exercise, or attempt to exercise, his right of redemption, but abandons the same, he thereby loses his rights, and his heirs cannot recover the property.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 492, 700–712; Dec. Dig. ⊕⊶265.]

7. WITNESSES ⊕⊶140—COMPETENCY—STATUTORY PROVISIONS.

Rev. St. 1911, art. 3690, providing that in actions by or against heirs, arising out of any transaction with the deceased ancestor, neither party may testify as to any transaction with decedent, does not disqualify a person not a party to the suit, though interested therein.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 598–618; Dec. Dig. ⊕⊶140.]

8. VENDOR AND PURCHASER ⊕⊶219 — BONA FIDE PURCHASER—NOTICE—EVIDENCE.

In an action for land claimed by defendants as heirs of a grantee of a purchaser in an executory contract of sale, subject to a vendor's lien, under which plaintiffs claimed, testimony that the grantee never claimed the land was admissible to show, as claimed by plaintiffs, that the grantee knew that the purchaser could not convey a good title.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 453–460; Dec. Dig. ⊕⊶219.]

Appeal from District Court, Newton County; A. E. Davis, Judge.

Action by R. A. Cruse and others against R. E. Dicken and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Geo. G. Clough and Aubrey Fuller, both of Galveston, for appellants. Holland & Holland, of Orange, for appellees.

LANE, J. This suit was brought by appellees against appellants and others who are not parties to this appeal, on the 20th day of November, 1911, to recover the 388 acres of land involved in this appeal, and other land, not necessary to be mentioned in this opinion, as the title to the same is not involved by this appeal. The appellants are the heirs of R. N. Dicken, to whom U. M. Gilder conveyed the said 388 acres of land on the 16th day of October, 1863. The appellees are the heirs of Wm. Minter, from whom Gilder, the vendor of R. N. Dicken, purchased the land in question. The case was tried before the court without a jury, and judgment was rendered for appellees.

There were other parties before the trial court who were disposed of by the judgment; but, as no appeal was taken by them, no further mention will be made of them in this opinion.

[1] Appellants omit from their brief their assignments 1 and 2, and therein specially waive the same. The effect of assignments 3, 4, 5, and 6 in their brief is: First, that the court erred in rendering judgment for appellees because the recitation in the deed from William Minter and wife to U. M. Gilder, of date March 11, 1863, hereinafter mentioned, is that the purchase money for the land was paid in cash, and there is no evidence to show that the recitation in the deed is not true, and therefore the appellees have failed to show title in themselves, as against appellants, who claim under such deed; second, that William Minter had taken a mortgage upon the land sold by him to Gilder, and also upon another tract of 937 acres of land owned by Gilder, but never owned nor sold by Minter, to secure the payment of the notes given in part payment for the purchase money for land sold by Minter to Gilder, which included the 388 acres involved in this suit, and as thereafter Minter's heirs, appellees herein, changed their suit against Gilder from one upon the purchase-money notes and foreclosure of the mortgage lien on all the property mortgaged to a suit for the land, or, in other words, for a rescission of the contract, they released the 388 acres sold by Gilder to R. N. Dicken from all incumbrances, and are estopped to claim said 388 acres, as it was their duty to resort to the property of the estate of Gilder, upon which the mortgage rested, for the payment of said notes, before resorting to the land conveyed by Gilder to R. N. Dicken.

The evidence established that on the 11th day of March, 1863, Wm. Minter and wife, who were the owners, conveyed to U. M. Gilder a tract of 1,555.9 acres of land, part of the N. Tatman league (which tract includes the land in controversy), and by the same conveyance a tract out of the Ann Fisher league, in the same county; the consideration recited being $3,661 in hand paid. On the same date of March 11, 1863, Wm. Minter executed a bill of sale to U. M. Gilder for a number of negro slaves, wagons, mules, horses, and oxen for a consideration recited of $42,440 in hand paid. On the same date of March 11, 1863, U. M. Gilder executed three notes payable to Wm. Minter, aggregating $25,471.12. On the same date of March 11, 1863, U. M. Gilder and wife executed a mortgage to Wm. Minter, to secure the identical three notes mentioned, on the same land described in the deed of the same date, and including other lands, and on the same personal property covered by the bill of sale. The deed and the mortgage were both filed for record in the county clerk's office on the same day and recorded in the same record book on consecutive pages. On January 6, 1866, U. M. Gilder having defaulted in the payment of these notes, Wm. Minter filed suit thereon in the district court of Tyler county, seeking to enforce the mortgage upon the land, and asking that it be

sold to satisfy the lien. It appears that to this action defendants U. M. Gilder and wife answered, setting up, in substance, a failure of consideration by reason of the emancipation of the negroes, and asking a rescission of the contract as follows:

"Defendants here tender the said negroes or persons of color, as mentioned in said mortgage, purchased from the said Minter, plaintiff, together with all of the property purchased from the said plaintiff at the time the negroes were purchased, and asks that said contract based upon said mortgage and the promissory notes be canceled, and that said mortgage be declared null and void and of no effect."

And the defendants in that suit also sued in reconvention to recover back $23,-000 paid on the contract of purchase on March 11, 1863. It appears that this suit continued on the docket of the court for some years thereafter; and, Gilder and wife having died, their heirs were made parties defendant by scire facias; and, Minter and his wife having died, their heirs were properly made parties plaintiff. The plaintiffs in that suit, the heirs of Minter, on December 22, 1884, filed their amended petition in the form of ordinary action of trespass to try title to recover the land described in the mortgage above referred to. The defendants in that suit, heirs of Gilder, answered by general demurrer, general denial, and plea of not guilty, filed on the same date. Thereupon an agreed judgment was entered in the cause in December, 1884, in which the heirs of Wm. Minter, as plaintiffs, recovered back the 1,555.9 acres of the Tatman league and the tract of the Ann Fisher league, being the identical lands which Minter and his wife had conveyed to Gilder; and the heirs of Gilder recovered from the heirs of Minter the other tracts of land described in the mortgage; and, the personal property having been lost by the freeing of the negroes, it was so declared. It appears, however, that on October 16, 1863, U. M. Gilder conveyed to R. N. Dicken the identical tract of 388 acres in this suit and covered by the mortgage previously given and recorded by Gilder to Minter. R. N. Dicken is the ancestor under whom appellants in this case claim. It was proven, though, that R. N. Dicken stated that, after he bought the land, he found out that the Minters (Wm. Minter) had a claim on the land for purchase money; that the land had not been paid for, and that Gilder could not make him a good title, and that was the cause of his abandonment of the land; that he left it and gave it up. It was further proven that R. N. Dicken was sheriff of the county from 1870 and for many years during the pendency of the suit between the heirs of Minter and the heirs of Gilder, and never took any steps to assert any right to the property now claimed by his heirs. Also the record does not show, and appellant offered no proof, that the consideration named in the deed from Gilder to Dicken was in fact paid.

Under all these facts, which are practically

undisputed, we think a finding by the trial court that there was sufficient proof to show that the purchase money for the land was not in fact fully paid by Gilder to Minter, and that R. N. Dicken, under whom appellants claim as heirs, so knew, at the time of his deed, and that the superior title remained in Minter, and Dicken did not acquire title thereto as against Minter, and, as he had abandoned his claim thereto before the judgment of rescission was taken and failure to avail himself of an equity of redemption, appellants have no title to the land in question. Before appellants can ask equity, they must do equity. Harris v. Catlin, 53 Tex. at page 8.

[2] The deed, mortgage, notes, and bill of sale were all executed by the same parties and simultaneously. The mortgage is based upon the notes, and they are proven by the admissions of Gilder, in his answer to the suit thereon by Minter, to have been executed as a part of the consideration for the sale of the personalty and realty under mortgage. All the instruments being parts of and in reference to the same subject-matter, the effect of the simultaneous execution of the same would be to constitute them but one act and require them to be construed as but one and the same agreement. Howard v. Davis, 6 Tex. 181; Dunlap v. Wright, 11 Tex. 597, 62 Am. Dec. 506.

[3, 4] And, being so considered, they evidence the fact that Minter and wife owned two tracts of land, slaves, and other property, and that Gilder desired to acquire these two tracts and the slaves and personal property, and to that end he executed the three promissory notes for the amount of unpaid purchase money of the slaves, personalty, and lands, executing contemporaneously the mortgage upon the property thus conveyed to him to secure payment of the purchase money notes, and, in addition to the land and personal property thus being acquired, mortgaged also other real estate then owned by him. Consequently there was proof that the purchase money was not fully paid at the time of the conveyance to Gilder. By virtue of these instruments thus construed together, it would follow, as a legal proposition, that there was an executory contract for the conveyance of the tract of land out of the Tatman league, the superior title remaining in Minter and wife, and which could be divested by Gilder or his vendees only by the payment of the purchase price. Masterson v. Cohen, 46 Tex. 520; Jackson v. Palmer, 52 Tex. 427; Webster v. Mann, 52 Tex. 416; Hale v. Baker, 60 Tex. 217.

[5] And it is further to be observed that a complete rescission of the entire original contract evidenced by the deed, mortgage, bill of sale, and notes took place and was given effect by the terms of the decree of 1884 upon the property; there being restored to Gilder, through his heirs, the land which he owned

prior to the execution of the mortgage, independent of his purchase from Minter, and there being restored to Minter, through his heirs, the title to the land which he had contracted by the executory agreement to convey to Gilder out of the Tatman league and Fisher league. The effect was to revest the heirs of Minter with their ancestor's title, free from the Gilder claim.

[6] And the effect of the fact of which Dicken had notice is that, if Dicken secured any right or title, it was taken subject to the vendor's lien and superior title of Minter. And he not having paid or offered to pay his proportionate part of the purchase money, nor having exercised or attempted to exercise his right of redemption, but having abandoned same, appellants cannot recover. Ufford v. Wells, 52 Tex. 617; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821. The third, fourth, fifth, and sixth assignments must therefore be overruled.

The greater portion of the last five paragraphs of this opinion are taken from and supported by the opinion in the case of Vinson et al. v. W. T. Carter & Bro., 161 S. W. 49, handed down by the Court of Civil Appeals for the Sixth District, at Texarkana.

[7] By appellants' seventh assignment in their brief it is insisted that the trial court erred in permitting J. C. Minter to testify that some time in 1886 or 1887 R. N. Dicken, deceased, told him (Minter) that he had abandoned the 388 acres of land purchased by him from Gilder, because he knew Gilder, his vendor, had never paid the purchase money for the land, and therefore could not make him (R. N. Dicken) a good deed, because the witness owned an interest in the subject-matter of the suit, inasmuch as he had, prior to giving such testimony, conveyed an undivided interest in the land in question to a third party under a warranty deed, which interest was adverse to appellants, who are suing as heirs of R. N. Dicken, deceased. It is not contended that J. C. Minter is a party to this suit, but only that he has an interest therein, as above stated. It is insisted by counsel for appellants that his contention is supported by the provisions of article 3690, Revised Statutes of 1911, which are as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others 'as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The witness J. C. Minter was not a party to this suit, was not disqualified under the rules of evidence prescribed by article 3690, supra; and therefore appellants' seventh assignment is overruled. Gilder v. Brenham,

67 Tex. 345, 3 S. W. 309; Howard v. Galbraith, 30 S. W. 689; G., C. & S. F. Ry. Co. v. Short, 51 S. W. 261, and authorities there cited.

[8] The eighth, ninth, and tenth assignments in appellants' brief insist that the court erred in permitting the witnesses J. C. Minter, R. A. Cruse, and N. B. Barclay, over the objection of appellants, to testify that the heirs of Wm. Minter had been claiming the land in question all along; that they had lived near R. N. Dicken and knew him well and had never heard him claim the land in controversy. The objection urged to this testimony is that it is immaterial and irrelevant to any issue in the cause; that it did not tend to disprove the title of R. N. Dicken to the land in question, and could not be used for that purpose. We think this testimony was admissible as tending to show that R. N. Dicken knew Gilder did not and could not convey to him a good title to the land in question, and for that reason he had abandoned the same. So believing, we overrule said assignments.

What has been said disposes of all of appellants' assignments, and, as we find no reversible error in the trial of this case in the court below, the judgment there entered is affirmed.

Affirmed.