### LINDSEY v. HART et al. (No. 1081.)*

(Court of Civil Appeals of Texas. Beaumont. March 31, 1924. Rehearing Denied April 9, 1924.)

1. **Injunction** ⬅=173—Verified plea in motion to dissolve injunction held sufficiently pleaded and exception properly overruled.

In a suit to enjoin a vendee of land from interfering with sale of timber by the original vendor under his lien and from collecting rents, a verified plea in defendant's motion to dissolve the temporary injunctions, alleging damage by the injunction preventing his collection of available rent from his financially irresponsible tenant, and that plaintiff had collected $217 as rent from such tenant, and agreed to hold the tenant harmless, with prayer for judgment for such rents and attorney's fees, *held* sufficiently pleaded, and special exception thereto was properly overruled.

2. **Vendor and purchaser** ⬅=285(1)—In lien foreclosure suit, judgment not naming or disposing of purchaser's rights not final or bar to right of redemption.

In a suit to foreclose vendor's lien notes against vendees and a subsequent purchaser, judgment not naming such purchaser nor disposing of him, though granting the only relief vendor sought against him (possession of the land), was not final, and his right of redemption and possession were not affected thereby.

3. **Judgment** ⬅=194—Not final unless whole matter as to all parties is disposed of; "final judgment."

A judgment is not final unless the whole matter in controversy as to all parties be disposed of.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

4. **Vendor and purchaser** ⬅=279, 285(1)—Subsequent vendee not necessary party; subsequent vendee must be made party to both judgment and suit to bar his equity of redemption.

In a suit to foreclose a vendor's lien on real estate, a subsequent vendee is not a necessary party, but to bar his equity of redemption he must be made a party to both judgment and suit, since otherwise he is not affected.

5. **Judgment** ⬅=707—Parties interested in subject-matter not affected, unless made parties to suit and judgment.

Rights of parties interested in the subject-matter in litigation are not affected by the judgment, unless they are parties to both suit and judgment.

6. **Injunction** ⬅=186(1)—Party enjoined may, by proper pleading, obtain such relief as he shows himself entitled to.

In injunction proceedings, the party enjoined may, in his motion to dissolve the injunction, by proper pleadings and proof obtain such relief as he shows himself entitled to, especially when relief other than statutory damages is shown.

7. **Injunction** ⬅=186(1)—Party enjoined not estopped to claim money damages by failure to act.

A party enjoined, having moved for dismissal at the next regular term of court when the injunction was returnable, was not estopped to claim money damages from the operation of the injunction by his failure to act earlier.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

---

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted June 6, 1924.

Suit by Robert Lindsey against Max 'W. Hart and others. From an order dissolving a temporary injunction, plaintiff appeals. Affirmed.

Seale & Denman, of Nacogdoches, and Harris & Harris, of Austin, for appellant.

S. W. Blount, of Nacogdoches, for appellees.

O'QUINN, J. This is an appeal from an order dissolving a temporary injunction.

December 1, 1918, Lindsey sold J. C. Martin, M. A. Martin, and T. L. Strahan 100 acres of land, and in part payment took there three certain vendor's lien notes, each for the sum of $600. The vendor's lien was reserved in the deed and notes. The Martins and Strahan, without having paid the notes, conveyed the land to Max Hart, who went into possession of the land, and when the notes fell due and were not paid Lindsey sued the Martins and Strahan upon said notes and for foreclosure of said lien, and made Hart a party defendant to the suit. Judgment was rendered in favor of Lindsey for the amount of the notes, interest, and attorney's fees, and for foreclosure of the lien, and the judgment provided for an order of sale and writ of possession, but in writing up the judgment nothing was said about Hart, he being in no manner disposed of. Hart gave notice of appeal from the judgment, and executed a supersedeas bond, which was approved and filed. Hart took no further steps relative to his attempted appeal. The judgment was later affirmed by this court on certificate upon motion of Lindsey. In the meantime Hart had rented the land to G. C. Sullivan for the year 1923, Sullivan to pay Hart one-third of the corn and one-fourth of the cotton raised on the land· for that year. August 2, 1923, no order of sale had issued upon said judgment, but Lindsey filed this suit against Hart and Sullivan for injunction, which petition recited the above facts, and, among other things, alleged:

"(6) Plaintiff further represents to the court that after said judgment was procured and entered and approved by the court that defendant Max Hart filed with the district clerk of Nacogdoches county, Tex., a supersedeas bond executed by Max Hart as principal and L. C. Hanks, G. W. Stone, S. L. Crawford, S. R. Hart, I. D. Parmley, H. B. Davis, John Perkins, and J. D. Ellington; that said bond was given for the principal sum of $3,700; that none of the signers of said bond have any property subject to execution in Nacogdoches county, Tex., within the knowledge of plaintiff; that said bond was given by said Max Hart and filed for the sole purpose of delaying plaintiff in selling said land and for the purpose of collecting the rents for the year 1923 to which plaintiff is entitled.

"Plaintiff says that there is a large quantity of pine and hardwood timber standing and growing upon said land which plaintiff can now sell to advantage to E. Y. Blount and others, who own a sawmill near said land; that if said mill is moved before said timber is sold plaintiff will then be unable to sell said timber at any price, because it is isolated and remote from any other mill.

"(7) Plaintiff represents to the court that defendant Max Hart has since said judgment was rendered set up an absolute claim to plaintiff's land hereinbefore described, for the reason that he is not named in words and letters in said judgment, and plaintiff says that, if the name of Max Hart does not appear in said judgment, it was omitted through oversight or was secretly crossed out by said Max Hart or some one acting for him.

"Plaintiff further says that defendant G. C. Sullivan is threatening to pay the rents of said premises for the year 1923 to the defendant Max Hart, and that said Max Hart has represented to defendant Sullivan that he is entitled to the rents for the year 1923, and is representing to said Sullivan that he is legally bound to pay said rents to defendant Max Hart. Plaintiff says that the acts of said Max Hart in filing said supersedeas bond was done in fraud of plaintiff's right and for the purpose of securing by dishonest means the rents and revenues from said premises for the year 1923; that said bond filed by said Max Hart is worthless, and should not have been approved and accepted by the clerk of this court. Plaintiff says that he has not been damaged by said Hart on account of fraudulent and malicious acts on the part of said Hart, as ·hereinbefore set out, in the sum of $700.

"Wherefore plaintiff prays that citation issue to both of said defendants and for a writ of injunction enjoining defendant Max Hart from interfering with plaintiff in sale ·of the timber on said land and from collecting the rents from defendant Sullivan for the year 1923, and against the defendant Sullivan from paying said rents to defendant Max Hart; that said judgment be corrected and reformed so as to grant full relief to plaintiff as prayed for in his petition against said Martin, Strahan, and Max Hart for the sum of $500 damages against said Hart, and for such other and further relief as he may be entitled to in law and in equity as he will ever pray."

The petition for injunction was duly verified, and the writ was ordered to issue as prayed for upon applicant's filing a bond in the sum of $500, which was done, and the writ issued and served upon both defendants and made returnable to the regular term of the district court of Nacogdoches county, at its September term, 1923. On October 5, 1923, the defendant Max Hart filed his answer, admitting plaintiff's allegations as to the sale of the land, the retention of the vendor's lien, and the execution of the notes, the subsequent sale of the land by Martins and Strahan to him, the suit upon the notes, and the rendition of judgment, but specifically denied that his name ever appeared in the judgment pleaded by plaintiff, and said there had never been any valid judgment in said suit upon said notes, for in that said judgment did not dispose of all the parties, and that by reason thereof, he, Max Hart, had the right of possession of said land until · such judgment was had and sale thereunder

made, and that until such occurred he had the right to pay off and satisfy the said lien against the land; that the matter as to the sufficiency of the supersedeas bond executed by him and his attempt to appeal from said judgment was a matter of which the Court of Civil Appeals alone had jurisdiction; and further specifically denied the allegations of applicant as to fraud in connection with said judgment or said appeal bond or the rental of the premises for the year 1923, and alleged that the injunction obtained by plaintiff restraining him from collecting the rent and restraining Sullivan from paying the rent to him was improvidently granted, not warranted by law, and without legal or equitable cause or reason, and should be dissolved, and moved the court to dissolve both of said injunctions.

Defendant Hart further answered and pleaded over against Lindsey, among other things alleging in connection with all of the above:

"This defendant further shows to the court that the rents due him from said Sullivan from the crop which has been gathered and marketed from said farm are of the cash value of $265, and said Sullivan, by reason of said injunction has refused and failed to pay the same, though he at one time had in his possession for this defendant that amount of money, the proceeds of said rent, but could not, although he desired then to do so, pay the amount to this defendant because so restrained by said injunction. And that said Sullivan is financially irresponsible, and plaintiff will probably be unable to collect his said rent from him now or in the future, all by reason of said injunction; and this defendant further alleges that Robert Lindsey, plaintiff here, by special representations made by him to said Sullivan, claiming the right to collect said rent, has caused said Sullivan to pay him, Lindsey, as the party entitled to the rent, the sum of $217 of said rent, he, the said Lindsey, agreeing to hold said Sullivan harmless by reason of such payment to him.

"Wherefore defendant says that he has been damaged directly by reason of said injunction, and the loss of the payment of his said rent, in the sum of $265, and the further sum of $40 amount cash paid his attorney for services in getting such wrongful injunctions dissolved, and he prays for his said damages and for general relief as against the said Robert Lindsey and the sureties on his injunction bond filed herein."

This answer and plea in reconvention was duly verified.

Plaintiff replied by general demurrer, special exception to that portion of the answer claiming attorney's fees, and to that part of the answer asking for a money judgment, for the reason that this was a hearing upon a motion to dissolve, and no judgment other than one perpetuating or dissolving the injunction could be entered. In addition to the exceptions entered, plaintiff answered by general denial and special plea (1) of estoppel against Hart, in that the injunction was procured August 16, 1923, before the crops upon said land were matured and gathered, and had defendant acted with reasonable promptness in moving to dismiss the writ no rents could have been collected by plaintiff, and hence defendant is estopped by his delay; and (2) that the acts of defendant Hart in pretending to appeal from the judgment of foreclosure and his continued claim of the land after said judgment compelled plaintiff to procure said injunction to protect his rights in the premises, and asked that the injunction be made permanent.

On the 20th of October, 1923, the motion to dissolve the injunction was heard regularly and sustained by the court, and in the judgment dissolving the injunction judgment was rendered in favor of Hart for damages against Lindsey in the sum of $236.70, the value of the rents, from which judgment this appeal is taken. The facts are not in dispute, and are as above set out.

[1] Appellant's first proposition is that the court erred in overruling his exception to the motion to dissolve the injunction. The assignment is overruled. The motion was sufficiently pleaded and was duly verified.

[2] Appellant's second proposition is that, where plaintiff's petition prays for title and possession to real estate against one defendant, and asks for no other relief against him, a judgment granting the relief sought against such defendant is a final judgment and binding on that defendant, whether or not he is named in the judgment.

[3] If the judgment had granted appellant relief as to defendant Hart, there would be ground for appellant's contention, but the judgment in no wise disposed of Hart. However, appellant contends that, as the judgment in the foreclosure suit provided for an order of sale of the land, and that the purchaser thereof be placed in possession by the officer making the sale, and that as no other relief was sought against the defendant Hart than the possession of the land, then, even though the judgment did not mention Hart or in terms grant any relief as against him, still the judgment was final in its character and as binding upon Hart as though he had been specifically named in said judgment. Appellant cites us to no case sustaining his contention, and we are not aware of any that so holds. Hart having been made a party defendant to the foreclosure suit of plaintiff, and the judgment not disposing of him, the judgment was not final, and his rights in the subject-matter in litigation were not affected by the judgment. A judgment is not final unless the whole of the matter in controversy as to all of the parties be disposed of. Railway v. Scott, 78 Tex. 360, 14 S. W. 791; Michie's Digest, vol. 8, p. 156. His right of possession and equity of redemption still existed. Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821; Collett v. Railway (Tex. Civ. App.) 186 S. W. 232 (writ denied).

[4, 5] Under his third proposition appellant asserts:

"A remote vendee is not a necessary party to an action to foreclose a vendor's lien, whether said vendee be a party to the suit or not, and whether or not he is in possession of land, the party foreclosing is entitled to possession against such remote vendee, and when the vendee continues to assert the right of possession and exercise ownership over the land, an injunction will lie against such vendee, restraining him from asserting such ownership and collecting rents and interfering with the sale of timber."

We cannot agree with appellant in this contention. While it is well settled that in a suit to foreclose a vendor's lien on real estate a subsequent vendee is not a necessary party, still a subvendee who is not made a party thereto is not affected by the judgment rendered, and the right of such party to redeem the land is not prejudiced by such judgment. In other words, in order to bar the equity of redemption, the subvendee must be made a party, not only to the suit, but also to the judgment. This is but the application of the well-settled rule that the rights of the parties interested in the subject-matter in litigation are not affected by the judgment rendered unless they are parties to the suit and to the judgment. As we said above, Hart having been made a party defendant to the foreclosure suit of plaintiff, and the judgment not disposing of him, the judgment was not final, and his rights in the subject-matter in litigation were not affected by the judgment. His right of possession and equity of redemption still existed.

[6] Appellant next complains that the court erred in rendering judgment for a money demand in its judgment dissolving the injunction; that upon a motion to dissolve no judgment other than to dissolve or perpetuate the injunction could have been properly rendered.

The assignment is overruled. The rule seems to be settled that in injunction proceedings the party enjoined may, in his motion to dissolve the injunction, by proper pleadings and proof obtain such relief as he shows himself to be entitled, and especially is this true when some relief other than statutory damages is shown. Railway v. White, 57 Tex. 129; Allen v. Willis, 60 Tex. 155; Coates v. Caldwell, 71 Tex. 19, 8 S. W. 922, 10 Am. St. Rep. 725.

[7] Finally, appellant complains that appellee is estopped to claim damages by reason of the issuance and service upon him of the injunction, for in that the injunction was issued out by appellee on August 2, 1923; that at that time no crops had been gathered and no rents were due; that appellant remained "quiet" until October 5, 1923, after the crops had been gathered and the rent paid over to appellee, "when he (appellant) suddenly awak-

ened and filed a motion to dissolve the injunction and asked for a judgment for the rents collected," insisting "that equity will not permit Hart to sit thus idly by and with a full knowledge of the happenings permit injury to result, if there is any, and then come into court and take advantage of it by seeking a money judgment," further insisting that, "if the injunction was illegally obtained, it was the duty of said Hart to have acted with promptness and dispatch in securing its dissolution, which he did not do," and therefore was estopped from claiming damages because of the collection of rents by appellant.

This assignment is overruled. Appellant procured the injunction, and it was made returnable to the regular term of the district court in September. At said term, October 5th, appellee filed his motion to dismiss, and it was heard regularly on October 20th, and sustained. We do not think appellee was under the duty of pressing for an early hearing in the matter, but that he had the right to file his motion and abide its hearing.

Under the record we think the injunction was improvidently issued, and appellee having, in connection with his answer and motion to dismiss, properly and sufficiently pleaded in reconvention over against appellant for his damages, there was no error in the judgment dissolving the injunction and awarding appellee recovery of his damages shown to have been suffered.

The judgment should be affirmed, and it is so ordered.

Affirmed.